**UNITED STATES of America,**
**Appellee,**

v.

**Gordon MORGAN, Defendant–**
**Appellant,**

**Docket No. 03–1316.**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 26, 2004.

Decided: April 27, 2005.

---

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Carolyn Pokorny, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, and Susan Corkery, Assistant United States Attorney, Eastern District of New York, on the brief) for Appellee.

Before: STRAUB, POOLER and B.D. PARKER, Circuit Judges.

## ON RECONSIDERATION

B.D. PARKER, JR., Circuit Judge.

■ Following oral argument, but before our decision, Morgan requested that this Court vacate his sentence in light of the Supreme Court's anticipated decision in *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We held the mandate in this case pending the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("*Booker/Fanfan*"). *See United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004). After the decision in *Booker/Fanfan*, we requested further briefing on whether the waiver of appeal rights in Morgan's plea agreement barred him from challenging his sentence on the basis of that decision.[1] Returning

---

1. In response to this request for supplemental briefing, Morgan for the first time challenged his plea on the ground that it was not knowing and voluntary because he could not have anticipated that the Guidelines would be deemed advisory. Because he never previously asserted such a claim, and, on the contrary, took the position at oral argument that he did not want to withdraw his plea, the claim was waived. We therefore limit our consideration to the validity of the appeal waiver in his plea agreement. *See Terry v. Ashcroft,* 336 F.3d 128, 151 (2d Cir.2003);

to this issue, we now hold that, for a defendant such as Morgan who seeks relief from his sentence but did not in a timely fashion seek relief from the underlying plea, an appeal waiver is enforceable and forecloses the right to appeal under *Booker/Fanfan.*

First, we underscore the benefits the parties received from their bargain: Morgan learned the sentencing range sought by the government and avoided exposure to additional drug counts, as well as to counts relating to other crimes. Limiting his criminal exposure in this way presumably was of considerable value to him. *See United States v. Rosa,* 123 F.3d 94, 97 (2d Cir.1997). The government, on the other hand, was ensured that Morgan would be sentenced within a range it believed satisfactory and that it would be relieved of the obligation to prepare for, and proceed to, trial. The government also knew that it would achieve a degree of finality since Morgan agreed not to appeal a sentence within the stipulated Guidelines range. The plea agreement process permitted Morgan and the government to allocate risk, to obtain benefits, to achieve finality and to save resources. This process is at the very center of the criminal justice system. If either party were able to secure its benefits while making its obligations contingent, the utility of plea agreements would disappear. *See United States v. Yemitan,* 70 F.3d 746, 748 (2d Cir.1995).

Second, we see no indication that the parties intended for the appeal waiver not to apply to issues arising after, as well as before, the waiver. *See Garcia–Santos v. United States,* 273 F.3d 506, 509 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into."); *cf. Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). Morgan entered into his plea agreement after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but before *Booker/Fanfan.* Thus, there is every reason to assume that Morgan had knowledge of his *Apprendi* rights at the time he entered into the plea agreement. That Morgan did not, by contrast, have knowledge of his rights under *Booker/Fanfan* makes no material difference. His inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver.[2] On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.[3]

*United States v. Quiroz,* 22 F.3d 489, 490–91 (2d Cir.1994).

**2.** This situation is distinct from the claim of a defendant who is unaware of his rights when he enters a plea agreement after *Apprendi, Booker/Fanfan,* or other relevant cases have been decided. As stated in footnote 3 of our first opinion, *United States v. Morgan,* 386 F.3d 376, 381 n. 3 (2d Cir.2004), we do not reach this issue. We speak only to ignorance of future case law; no one can know or be expected to know the future.

**3.** Of course, like Morgan's *Apprendi* claim, this is not a case where "the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases." *United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000). The unconstitutionality alleged-Morgan's ignorance of his *Booker/Fanfan* rights-is a function of evolving judicial precedent, not bias.

Finally, in holding Morgan to his waiver, we join the other circuits that have found appeal waivers enforceable against *Booker/Fanfan* claims. *See United States v. Bradley,* 400 F.3d 459 (6th Cir.2005); *United States v. Rubbo,* 396 F.3d 1330 (11th Cir.2005). We therefore conclude that the appeal waiver is enforceable against Morgan's *Booker/Fanfan* claim and we order the mandate to issue forthwith.