**UNITED STATES of America,**
**Appellee,**

v.

**David HAYNES, Defendant–Appellant.**

**Docket No. 04–6684–CR.**

United States Court of Appeals,
Second Circuit.

Argued: May 24, 2005.

Decided: June 13, 2005.

Scott E. Leemon, New York, NY, for Defendant–Appellant.

Cecil C. Scott, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, on the motion), Brooklyn, NY, for Appellee.

Before: KEARSE, CALABRESI, and POOLER, Circuit Judges.

PER CURIAM.

Defendant-appellant David Haynes entered into a plea agreement on a cocaine possession charge on February 20, 2004, which included a waiver of the right to appeal any sentence of 108 months' imprisonment or less. On December 15, 2004, Haynes was sentenced to 70 months' imprisonment under the United States Sentencing Guidelines ("Guidelines"), despite defense counsel's objection to the constitu-

tionality of the Guidelines in light of the Supreme Court's June 24, 2004, decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On appeal, Haynes moves for a remand, relying on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] The government, meanwhile, moves for dismissal of the appeal based on the appeal waiver contained in Haynes' plea agreement. Haynes argues that our recent case, *United States v. Morgan*, 406 F.3d 135 (2d Cir.2005) (on reconsideration of *United States v. Morgan*, 386 F.3d 376 (2d Cir.2004)), is distinguishable because of his explicit preservation at sentencing of the issue of the constitutionality of the Guidelines. We disagree, and hold that the appeal waiver at issue is enforceable against Haynes. We therefore deny Haynes's motion for remand and grant the government's motion to dismiss the appeal.

In *Morgan*, we considered whether a clause waiving any appeal of a sentence, in a plea agreement entered into prior to *Booker*, barred a subsequent appeal based on the district court's imposition of a sentence under the mandatory Guidelines regime. *Morgan*, 406 F.3d at 136. We held that the waiver was enforceable, citing two reasons. First, each party benefitted from the plea agreement: the defendant by limiting his criminal exposure and the government by a guaranteed outcome without the need for trial or appeal. *Id.* at 137. Second, appeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions. *Id.* (citing *Garcia–Santos v. United States*, 273 F.3d 506, 509 (2d Cir.2001) and *Brady v. United*

---

1. Haynes' motion is nominally for a remand for consideration of whether to resentence, pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Because Haynes properly objected to the mandatory application of the Guidelines, we construe the motion as requesting a remand for resentencing, pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir.2005).

*States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). We noted that the possibility of changes in the law is simply one of the risks allocated by the parties' agreement. *Morgan,* 406 F.3d at 137.

There is no reason to disturb this logic in the present case. Haynes argues primarily that the preservation of the Guidelines issue at sentencing makes *Morgan* distinguishable. However, the effect of preservation is simply that our standard of review is one of harmless error rather than plain error. Fed.R.Crim.P. 52. This is certainly not an immaterial change, but it is irrelevant here, where the question is whether we even reach the issue of error. We observe, following the *Morgan* rationale, that the plea agreement conferred the benefits of certainty and limitation of criminal exposure [2] on Haynes, and that the unconditional waiver of appeal for sentences of 108 months or less allocates the risk of subsequent changes in the law to Haynes. The fact that error was preserved at a sentencing subsequent to this receipt of benefits and allocation of risk does not affect either the receipt or the allocation.

We reiterate that a defendant may of course seek relief from the underlying plea where the plea was not knowing and voluntary, *United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996), or where sentencing was based on a constitutionally impermissible factor such as bias. *United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir. 2000). Haynes has not sought this relief here.[3] Nor could he succeed in such a claim. The plea allocution shows Haynes to have been fully informed, competent,

free of coercion, and cognizant of his rights at the time of the plea. While ignorance of then-existing rights can invalidate a plea agreement in some cases, ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement. *Morgan,* 406 F.3d at 137 n. 2. Finally, while it is apparent that a constitutional error was committed, it was not an error of reliance on a constitutionally impermissible factor within the meaning of *Gomez–Perez. Morgan,* 406 F.3d at 137 n. 3.

## CONCLUSION

For the foregoing reasons, we hold that Haynes's appeal waiver is enforceable despite his preservation of the *Booker* error at sentencing. Because Haynes does not and cannot challenge the validity of the underlying plea, his plea agreement bars the present appeal. We therefore deny Haynes's motion to remand for resentencing, and grant the government's motion to dismiss the appeal.

---

**2.** At oral argument, counsel for the government stated that Haynes had originally been indicted on a charge carrying a mandatory minimum sentence of 120 months.

**3.** At oral argument, Haynes's counsel expressed willingness to accept vacatur of the

plea agreement. However, under questioning, he admitted that he had not consulted with his client as to such a possibility, despite the possibility of a significantly increased sentence.