**UNITED STATES of America,**
**Appellee,**

v.

**Brent BIRKETT, Franklin Sanchez, Reda Solomon, Defendants–Appellants.**

Docket No. 04–0896–CR(L), 04–0898–CR(CON), 04–1631–CR(CON).

United States Court of Appeals, Second Circuit.

July 8, 2005.

Joshua L. Dratel, (Marshall A. Mintz, on the brief), Joshua L. Dratel, P.C., New York, NY, for Appellant Birkett.

Stewart L. Orden, New York, NY, for Appellant Sanchez.

James Roth, Horowitz, Stampur, & Roth, New York, NY, for Appellant Solomon.

Kim Berger, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Peter G. Neiman, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and OWEN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the *Anders* motion filed by Solomon's counsel is **DENIED** as moot, Solomon's motion for a remand is **DENIED**, the government's motion for dismissal as to Solomon is **GRANTED**, and Solomon's appeal is **DISMISSED**. It is **FURTHER ORDERED** that Birkett and Sanchez's cases are **REMANDED** for resentencing and reconsideration.

Defendants-appellants Brent Birkett, Franklin Sanchez, and Reda Solomon appeal from judgments of conviction entered by the district court, following a jury trial for Birkett and Sanchez and entry of a guilty plea by Solomon, convicting them of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Defendants were convicted for their participation in a long-term, high-volume drug conspiracy, which the district court found was organized and led by defendants Birkett and Sanchez. Birkett and Sanchez were each sentenced principally to 360 months' imprisonment. Solomon, a packager in the drug operation, pleaded guilty before the district court pursuant to a plea agreement in which he waived his right to appeal any sentence between the stipulated range of 168–210 months. The district court sentenced Solomon to 135 months' imprisonment, due in part to the district court's imposition of a safety-valve reduction, pursuant to U.S.S.G. § 2D1.1(b)(6).

■ Solomon's counsel, James Roth, moved pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to withdraw from representing Solomon on the ground that his appeal presented no non-frivolous issues. The government moved for dismissal of the appeal

* The Honorable Richard Owen, United States District Court for the Southern District of New York, sitting by designation.

based on Solomon's waiver of appeal in his plea agreement or, in the alternative, for summary affirmance. Following oral argument, the Supreme Court's decision in *United States v. Booker*, ⸺ U.S. ⸺, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), however, Solomon's counsel filed a motion for a remand pursuant to *Crosby*. We construe that motion to negate the earlier *Anders* motion, which we therefore deny as moot. Although neither counsel nor the government addressed the validity of Solomon's appeal waiver with respect to any potential *Booker* issue, we recently held that a defendant who has waived his appeal rights in a valid plea agreement is barred from challenging his sentence on the basis of *Booker. See United States v. Morgan*, 406 F.3d 135, 136–37 (2d Cir.2005). Because Solomon is bound by his plea agreement, we deny his request for a *Crosby* remand, grant the government's motion to dismiss, and dismiss Solomon's appeal.

Birkett and Sanchez raise several claims on appeal. Specifically, they contend that (1) the district court erred in denying defendants' Rule 33 motions for new trials based on newly discovered evidence, and (2) the district court's enhancement at sentencing based on drug quantity and Sanchez and Birkett's leadership roles violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Birkett also argues that the district court's admission of the plea allocutions of six co-defendants at trial as evidence of the existence of the charged conspiracy violated *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

■ The government concedes that the admission at trial of the plea allocutions of six co-defendants violated Birkett's confrontation rights under the Supreme Court's decision in *Crawford*, but contends that the error was unpreserved because neither defendant expressly invoked the Confrontation Clause. *See United States v. Dukagjini*, 326 F.3d 45, 59–61 (2003). We agree. Although Birkett asserts that the district court foreclosed him from clarifying the objection by cutting him off, he could have renewed the objection the following day before the allocutions were admitted. Thus, we review for plain error. *Id.* at 59. However, because we must remand the case to the district court under *Booker*, we direct the district court to consider the effect, if any, of the error in the first instance.

■ Following trial, the defendants twice moved for new trials under Federal Rule of Criminal Procedure 33 on the basis of two "newly discovered" letters purportedly written by government witness Clyburn. Sanchez also claimed that another witness, Helvy, committed perjury at defendants' trial. Even if that were the case, we would not find that the district court abused its discretion in denying the Rule 33 motion because it found that this evidence would not have altered the jury's conviction. *See United States v. Gambino*, 364 F.3d 353, 364 (1995).

As to the Clyburn letters, defendants contend that these letters established that Clyburn perjured himself in testifying against Birkett and Sanchez. The letters establish nothing of the kind. To begin with, they are largely unintelligible. To the extent they can be interpreted as discussing Clyburn's cooperation with the government, they say absolutely nothing about perjury. The only arguably inconsistent statement, "Yo let's get them," was, according to the government's handwriting expert, added to the letter later and looked suspiciously like it had been written by someone trying to imitate Clyburn's handwriting. Moreover, defense counsel cross-examined Clyburn extensively about

whether he was simply trying to frame Birkett and Sanchez. The district court, following a thorough review of the evidence presented at trial, denied the motions on the ground that introduction of the letters would not have altered the outcome of the trial. There is no basis for finding that the denial of the motions was an abuse of discretion. However, because of the possibility that the district court's denial of the Rule 33 motion was based, in part, on the improperly admitted plea allocutions, we authorize the district court to determine on remand whether to reconsider the motions.

■ Finally, Birkett and Sanchez have both moved to have their cases remanded to the district court for resentencing pursuant to *Booker.* Specifically, defendants challenge the district court's sentencing enhancements based on the finding that the conspiracy involved more than 1.5 kilos of crack and that Birkett and Sanchez were organizers and leaders in the conspiracy. Because Birkett and Sanchez argued before the district court that their sentences violated the Sixth Amendment under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the error was preserved and is subject to review for harmlessness. Consistent with our decision in *United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir. 2005), we remand to the district court with instructions to vacate Birkett's and Sanchez's sentences and resentence them in accordance with *Booker.*

Having fully considered appellants' arguments, it is hereby **ORDERED** that

1. the *Anders* motion filed by Solomon's counsel is **DENIED** as moot;

2. Solomon's motion for a *Crosby* remand is **DENIED;**

3. the government's motion for dismissal of Solomon's appeal is **GRANTED;** and

4. Solomon's appeal is hereby **DISMISSED.**

It is **FURTHER ORDERED** that

1. Birkett's and Sanchez's cases are **REMANDED** to the district court with **INSTRUCTIONS TO VACATE** their sentences and **RESENTENCE** them in accordance with *Booker;* and

2. the district court **RECONSIDER** defendants' *Crawford* claims and, in the district court's discretion, the denial of their Rule 33 motions.