**UNITED STATES of America,
Appellee,**

v.

**Bernardo MERCADO, Defendant–
Appellant.**

**Docket No. 04–2997CRLEAD,
04–3135CRCON.**

United States Court of Appeals,
Second Circuit.

Aug. 9, 2005.

Robert J. Krakow, New York, New York, for Appellant.

Harry A. Chernoff, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Harry Sandick, Assistant United States Attorney), New York, New York, for Appellee, of counsel.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Southern District of New York (Pauley, J.) denying appellant's motion to withdraw his guilty plea is AFFIRMED and the appeal from the judgment of sentence is DISMISSED.

Defendant-appellant Bernardo Mercado ("Mercado") appeals from a May 28, 2004 judgment of the United States District Court for the Southern District of New York convicting him, upon his entry of a guilty plea, of participation in a conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. On appeal, Mercado contends that he was sentenced in violation of the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); that the district court erroneously denied his motion to withdraw his guilty plea on the basis of "mutual mistake" in the portion of his plea agreement that set forth his United States Sentencing Guidelines ("Guidelines") calculations; and that he received ineffective assistance of counsel in the calculation of his Guidelines range. We presume the parties' familiarity with the factual and procedural background of this case.

Under *United States v. Morgan,* 406 F.3d 135 (2d Cir.2005), the government moves for the dismissal of Mercado's appeal of his sentence on the basis that Mercado's plea agreement contained an appeal waiver. In his plea agreement, Mercado agreed that he would not appeal or otherwise challenge any sentence within or below the stipulated Guidelines range of 18 to 24 months. Mercado was sentenced to 24 months incarceration, within the terms of the appeal waiver. Mercado argues that his appeal waiver is not enforceable because, unlike the defendant in *Morgan,* he timely filed a motion to withdraw his plea after his plea and before his sentence and because the "mutual mistake" of his attorney and the government in miscalculating his Guidelines range rendered his

plea agreement unknowing and involuntary.

We disagree. *Morgan* holds that an appeal waiver forecloses the right to appeal a Sixth Amendment violation under *Blakely or Booker*, 406 F.3d at 136–38. We have recently held in *United States v. Haynes*, 412 F.3d 37 (2d Cir.2005) (per curiam), that such a waiver is effective even when a *Booker* error is preserved below. *Id.* at 39. Mercado did not raise a *Blakely* ground in his motion to withdraw his plea before the district court and as such his motion provides no basis to distinguish the applicability of *Morgan* and *Haynes*.

Mercado argues alternatively that the "mutual mistake" of the government and his attorney in calculating his Guidelines range rendered the district court's denial of his motion to withdraw his plea an abuse of discretion. In *United States v. Rosen*, 409 F.3d 535 (2d Cir.2005), we recently rejected this type of mutual mistake argument on facts virtually indistinguishable from this case. Like the *Rosen* defendant, Mercado signed a plea agreement specifying a lower Guidelines range than that ultimately calculated in the Presentence Report. Nevertheless, as in *Rosen*, Mercado's plea agreement stated that "neither the Probation Department nor the Court is bound by the above Guidelines stipulation" and that "the sentence to be imposed upon the defendant is determined solely by the Court." In his plea agreement, Mercado also agreed that he had "no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Stipulated Sentencing Guidelines Range." For the reasons set forth in *Rosen*, we reject Mercado's claim that the district court erroneously denied his motion to withdraw his plea.

Mercado finally claims that his former counsel's mistaken understanding of the applicable Guidelines range and inability to foresee that the Presentence Report would recommend a higher sentencing range for him than that outlined in the plea agreement constituted constitutionally ineffective assistance of counsel rendering his plea unknowing and involuntary. Mercado's ineffective assistance claim lacks merit. Where a defendant's ineffective assistance claim " 'is that counsel has misled him as to the possible sentence which might result from a plea of guilty, ... the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea.' " *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir.2005) (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir.1992)). The plea agreement and the court at Mercado's allocution made it very clear that the court retained the power to sentence Mercado outside of the stipulated Guidelines range. Mercado therefore fully knew of the sentencing possibilities implicated by his plea. *Cf. Rosen*, 409 F.3d at 548–49 ("An agreement that has made such express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for rescission on the ground of mutual mistake when that possibility has come to fruition."). Further, Mercado submitted an affidavit in conjunction with his motion to withdraw his plea averring that he would not have pled guilty had he known of his actual sentencing range. Considering the record as a whole, however, "we cannot say that the district court erred in ruling that [his] affidavit was not sufficient to show that he would have gone to trial but for counsel's error." *Arteca*, 411 F.3d at 322.

For the reasons discussed, we AFFIRM the decision of the district court denying Mercado's motion to withdraw his guilty

plea and DISMISS the appeal from the judgment of sentence.