UNITED STATES of America, Appellee,

v.

Andre CLEMONS, also known as Dre, Lawrence Collins, also known as Chaos, aka Jaboo, aka Boo, William Knighton, also known as Six Two, Troy Napper, also known as Murder, also known as Tremendous, George Perrin, Raleigh Richardson, also known as TJ, also known as Rock, Jiaccone Rudolph, also known as Ant, Alfredo Sorells, also known as Big Al, Alfonso Williams, also known as Six Eight, Defendants,

Leroy McCrorey, Defendant–Appellant.

Docket No. 04–3913–CR.

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Earle Giovanniello, New Haven, CT, for Appellant.

Geoffrey M. Stone, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, on the brief), Hartford, CT, for Appellee.

Present: SOTOMAYOR, POOLER, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

Defendant-appellant appeals from his conviction following a guilty plea for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

McCrorey argues on appeal that his sentence was incorrectly determined in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), despite his waiver of the right to appeal as part of his plea agreement. A waiver of a right to appeal is enforceable against grounds for appeal which arise subsequent to the plea agreement due to a change in the law. *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir.2005). A defendant may continue to seek relief from the underlying plea agreement despite a waiver of the right to appeal, if the plea was "not knowing and voluntary," or where the sentence was "based on a constitutionally impermissible factor." *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir.2005). McCrorey does not argue on appeal that his plea agreement was not knowing and

voluntary under the law that existed at the time. *See id.* (holding that "[w]hile ignorance of then-existing rights can invalidate a plea agreement in some cases, ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement.") Therefore, the waiver of his right to appeal as part of the plea agreement precludes him from challenging the conviction and sentence based on the subsequent Supreme Court ruling in *Booker*.

For the above reasons, we affirm the conviction and the sentence of the district court.