522

The UNITED STATES of
America, Appellee,

v.

Oscar ROQUE, also known as Gary
Cuba, also known as Bigote, Alci-
biades Fernandez, Milagros Fernan-
dez and Eddie Capellan, Defendants,

Jose Saldana and Aguiberto Delahoz,
also known as Danny Montero, also
known as Danny Nuñez, Defendants–
Appellants.

Docket Nos. 03–1452, 03–1490.

United States Court of Appeals,
Second Circuit.

Aug. 26, 2005.

See also 421 F.3d 118.

Cheryl J. Sturm, Chadds Ford, PA, for
Defendant–Appellant Jose Saldana.

Robert A. Culp, New York, NY, for
Defendant–Appellant Aguiberto Delahoz.

Joshua A. Goldberg, Assistant United
States Attorney (Helen V. Cantwell, Assis-
tant United States Attorney, David N.
Kelley, United States Attorney for the
Southern District of New York, on the
brief), New York, NY, for Appellee, of
counsel.

Present: STRAUB, WESLEY, Circuit
Judges, and SESSIONS, Chief Judge.*

---

* The Hon. William K. Sessions, III, Chief
Judge, United States District Court for the
District of Vermont, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT, AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED, in part, and the request for remand is DENIED.

This summary order is companion to a concurrently filed opinion. In that opinion we hold that Saldana may not withdraw his plea based on changes to federal sentencing law effected by *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While that opinion sets forth all facts relevant to Saldana's appeal, we recite them again here for the sake of completeness. We also resolve remaining arguments raised by Saldana and Delahoz on this appeal. For reasons set forth below, we dismiss, in part, and deny Delahoz's request for remand.

Saldana and Delahoz ("defendants") pleaded guilty on part of a multiple-count indictment directed at members of a robbery crew active in New York and New Jersey from March to December 1999. In particular, Delahoz pleaded guilty for his part in the September 20, 1999, armed robbery of a home located in Hillside, New Jersey. Saldana pleaded guilty for his part in the December 22, 1999, armed robbery of a home located in Clifton, New Jersey.

The victim of the September 20, 1999, robbery was the proprietor of a food delivery business who, the crew was led to believe, had recently sold a portion of his business and was storing the proceeds in the basement of his house. On September 20, Delahoz and another member of the crew, known as "CC," drove to the victim's house in Hillside, New Jersey, and, posing as investigators, gained entrance. Once in the house, CC, according to plan, produced a firearm. The victims were bound. CC and Delahoz then searched the house, aided, in part, by one of the victims held at gunpoint. CC and Delahoz eventually found a locked safe in the basement that contained $46,000. Apparently unable to open the safe, the perpetrators removed it from the house and later met with co-defendant Roque, with whom they gained access to the safe's contents. The conspirators removed the $46,000 in cash and transported it to the Bronx, New York.

The victims of the December 22, 1999, robbery were a couple who, the crew was led to believe, had large amounts of cash in their Clifton, New Jersey, home as proceeds from the sale of a grocery business. On December 22, CC, posing as a police officer, was let into the house. Once inside, he radioed Saldana, who was waiting outside. Saldana joined CC in the house. Both perpetrators produced firearms. The victims were threatened with death and bodily harm, were physically assaulted and, eventually, were bound. Saldana and CC searched the house but left with only $8,000 in cash, some jewelry, and a .38 caliber handgun that belonged to the victims. Saldana was later apprehended by local law enforcement in the Bronx, New York, while in possession of the .38 caliber handgun stolen during the December 22 robbery.

On July 25, 2002, Saldana and Delahoz were indicted on part of a multiple-count indictment directed at several members of the crew and encompassing a number of robberies, including the September 20, 1999, and December 22, 1999, robberies. Subject to an agreement with the government, Saldana pleaded guilty to counts sixteen, nineteen, and twenty of the indictment, for conspiracy to commit robbery in violation of 18 U.S.C. § 1951, robbery in violation of 18 U.S.C. §§ 1951 and 1952, and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & (c)(2). Delahoz, pur-

suant to his own agreement with the government, pleaded guilty to counts thirteen, fourteen, and fifteen of the indictment, for use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & (c)(2), conspiracy to transport the proceeds of the September 20 robbery across state lines in violation of 18 U.S.C. § 371, and transfer of those proceeds across state lines in violation of 18 U.S.C. § 2314.

As part of their plea agreements, Saldana and Delahoz each stipulated to a detailed sentencing calculation reached under the then-mandatory United States Sentencing Guidelines. For Saldana, the stipulated Guidelines range was 125 to 135 months' imprisonment. Saldana further agreed to waive his right to appeal from any sentence imposed that fell within his stipulated range. For Delahoz, the stipulated range was 108 to 114 months' imprisonment. Delahoz also agreed to waive his right to appeal from any sentence imposed that fell within his stipulated range.

Consistent with his agreement, Saldana pleaded guilty to the violations described above. During its Rule 11, Fed.R.Crim.P., colloquy with the Saldana, the District confirmed Saldana's understanding that the District Court was obliged to apply the United States Sentencing Guidelines; that Saldana had stipulated to a Guidelines calculation that would lead to a sentence of 125 to 135 months' imprisonment; that Saldana was waiving his right to appeal any sentence in that range, even if reached in error; and that, if the District Court imposed a sentence of more than 135 months' imprisonment, Saldana would still be bound by his guilty plea. Saldana demonstrated that he understood these terms and stated his desire to plead guilty. He did so. The District Court subsequently entered a judgment of conviction and imposed a sentence of 135 months' imprisonment to be followed by a three-year term of supervised release. Saldana, through counsel, filed timely notice of appeal.

Consistent with his agreement, Delahoz pleaded guilty to the violations described above. During its Rule 11 colloquy with Delahoz, the District Court confirmed that Delahoz understood that he would be sentenced according to the United States Sentencing Guidelines, which, the District Court noted, it was "required to follow." Delahoz affirmed that, by pleading guilty, he was waiving various rights, including "the right to appeal any sentence, even if it's calculated in error, if the sentence imposed is within 108–114 months." Delahoz also confirmed his understanding that if "after reviewing the presentence report, [the District Court decided] to impose a sentence that is more that 114 months," Delahoz would still be bound by his plea and would not "be able to withdraw [his] plea of guilty." Judgment was entered and Delahoz was sentenced to 108 months' imprisonment to be followed by a three-year term of supervised release. Acting *pro se*, Delahoz filed a timely notice of appeal as to sentence.

■ Saldana seeks to withdraw his plea. In the companion opinion filed today, we reject this claim and affirm, in part, holding that Saldana's plea and his waiver of right to appeal sentence are enforceable. In addition, Saldana alleges that representation provided to him before the District Court was constitutionally insufficient. "Generally, Courts of Appeals are reluctant to address ineffectiveness claims on direct review. The rationale for this policy is that the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow. For this reason, many courts forbid a claim of ineffective assistance of counsel to be raised on direct appeal."

*United States v. Salameh,* 152 F.3d 88, 160 (2d Cir.1998); *see also Massaro v. United States,* 538 U.S. 500, 504–505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."). We see no reason to depart from this practice here. We therefore dismiss Saldana's claims based on alleged ineffectiveness of counsel without prejudice.

■ Delahoz raises two main arguments on appeal. First, he seeks remand for resentencing under *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), notwithstanding his waiver of right to appeal sentence. Second, he alleges that the District Court erred in its sentencing calculation. As is set forth above, as part of his plea agreement Delahoz waived his right to appeal any sentence imposed that fell within the stipulated range of 108 to 114 months. The District Court sentenced Delahoz to 108 months' imprisonment. Delahoz now argues that his waiver is ineffective in light of changes to federal sentencing law following the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Consistent with our recent decision in *United States v. Morgan,* 406 F.3d 135 (2d Cir.2005), *cert. denied,* — U.S. —, — S.Ct. —, — L.Ed.2d —, 2005 WL 1786635 (2005) (No. 05–5466), we reject that argument and hold that Delahoz's waiver of right to appeal sentence is enforceable. We are therefore denied authority to review the merits of Delahoz's appeal of his sentence, and deny his request for remand. *See United States v.*

*Rodriguez,* 416 F.3d 123 (2d Cir.2005). Because we dismiss Delahoz's appeal of sentence, no purpose would be served by discussion of the merits. *Cf. United States v. Savarese,* 404 F.3d 651, 654 (2d Cir. 2005).

We have reviewed defendants' remaining arguments on appeal and find each of them to be without merit. For the foregoing reasons, and consistent with the companion opinion filed today, where we affirm, in part, the appeal is DISMISSED, in part, and requests for remand are DENIED.