**UNITED STATES of America,**
Appellee,

v.

**John E. CHEN, a/k/a Andrew Cherng,**
**a/k/a Myint Kyaw, Defendant–**
**Appellant.**

No. 04–6013–cr.

United States Court of Appeals,
Second Circuit.

June 27, 2006.

Jillian B. Berman, Peter G. Neiman, Assistant United States Attorneys, of Counsel (David N. Kelley, United States Attorney, on the brief), Southern District of New York, New York, NY, for Appellee.

Darrell B. Fields, of Counsel, The Legal Aid Society, New York, NY, for Appellant.

PRESENT: Hon. WALKER, Chief Judge, Hon. DENNIS JACOBS, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

John E. Chen appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Chin, J.) following Chen's plea of guilty on two counts of credit-card fraud. The district court sentenced Chen to, inter alia, a Guidelines sentence of 63 months in prison and restitution—pursuant to the Mandatory Victims Restitution Act ("MVRA")—in the amount of $162,757.84. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Chen argues that the district court's imposition of restitution in excess of the amount stipulated in the plea agreement violated his Sixth Amendment rights as construed in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This argument fails because we recently held in *United States v. Reifler,* 446 F.3d 65 (2d Cir.2006), that judicial factfinding with respect to an MVRA restitution order does not implicate rights under the Sixth Amendment. *Id.* at 120; *see also United States v. Boccagna,* 450 F.3d 107, 109 (2d Cir.2006).

Chen also argues that his waiver was not knowing and voluntary because he was unaware that mandatory application of the Sentencing Guidelines was unconstitutional. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005);

*Blakely,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. We rejected just such an argument in *United States v. Morgan,* 406 F.3d 135 (2d Cir.2005), which controls here. *Id.* at 137 (holding that the "inability to foresee that subsequently decided cases [ (i.e., *Booker)]* would create new appeal issues does not supply a basis for failing to enforce an appeal waiver"); *see United States v. Haynes,* 412 F.3d 37, 38 (2d Cir.2005). The record also shows that Chen repeatedly indicated during his Federal Rule of Criminal Procedure 11 hearing that he understood the waiver provision.

For the foregoing reasons, the judgment of the district court is AFFIRMED.