UNITED STATES of America,
Appellee,

v.

Edwin Alejandro FERRERAS,
Defendant–Appellant.

No. 04–6086.

United States Court of Appeals,
Second Circuit.

Aug. 14, 2006.

Robin C. Smith, Brooklyn, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney, New York, N.Y. (Celeste L. Koeleveld, Assistant United States Attorney, of counsel, Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), for Appellee.

Present CHESTER J. STRAUB, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Edwin A. Ferreras ("Ferreras") appeals from a judgment of conviction entered on November 9, 2004, in the United States District Court for the Southern District of New York (Denise L. Cote, Judge). We assume that the parties are familiar with the facts, procedural history, and scope of the issues presented on appeal.

■ All but one of Ferreras's arguments have been specifically rejected by this Court in prior opinions by which we are bound. Ferreras's argument that his guilty plea was not "knowing and voluntary" because he was unaware that the Supreme Court would subsequently, in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), invalidate the mandatory application of the Sentencing Guidelines was rejected in *United States v. Roque*, 421 F.3d 118, 124 (2d Cir.2005) ("The fact that [defendant] did not anticipate the changes in federal sentencing law and practice produced by *Booker* does not impugn the truth or reliability of his plea." (internal quotation marks omitted)), *cert. denied*, —— U.S. ——, 126 S.Ct. 1094, 163 L.Ed.2d 908 (2006). Ferreras's argument that the waiver of appeal he signed should not apply to an appeal for relief under *Booker* was rejected in *United States v. Morgan*, 406 F.3d 135 (2d Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 549, 163 L.Ed.2d 465 (2005) (holding that, because defendants derive significant benefits from plea agreements that include appeal waivers, they are legitimately deemed to have traded away the opportunity to benefit from subsequent developments in sentencing law).

■ Ferreras's final argument is that the District Court's $ 10,000 restitution order—based on Ferreras's theft of $ 4,000 in cash, plus jewelry, from a family—was an abuse of discretion because the court failed to follow the proper procedure for calculating restitution and because the

evidence did not support the court's calculation. This argument is without merit. The court's order is supported by Ferreras's stipulation in his plea agreement that the property he stole was worth $ 10,000–$ 50,000. The court, moreover, significantly discounted the victims' estimate that the jewelry stolen was worth $12,000. Based on the facts here, we conclude that the District Court properly rejected, as unreasonable, Ferreras's argument that the victims should be required to present receipts or some other hard evidence of how much the stolen jewelry was worth. We further conclude, based on the circumstances here, that the District Court's disposition did not violate any provisions of the Mandatory Victims Restoration Act, 18 U.S.C. § 3664.

For the foregoing reasons, we **AFFIRM** the District Court's sentence.