**UNITED STATES of America,**
**Appellee,**

v.

**Juan MEDINA, also known as**
**Manolito, Defendant–**
**Appellant.**

No. 04–0049–cr.

United States Court of Appeals,
Second Circuit.

July 3, 2008.

Antonia M. Apps, Assistant United States Attorney (Katherine Polk Failla, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Paul J. Angioletti, Staten Island, N.Y., for Appellant.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Defendant Juan Medina appeals from a judgment of conviction entered on January 14, 2004, in the United States District Court for the Southern District of New York (Buchwald, *J.*), following a guilty plea. Pursuant to the plea agreement, the district court sentenced Medina to a term of 240 months' imprisonment to be followed by a term of three years' supervised release. We assume the parties' familiari-

---

1. The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

ty with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Medina argues: (1) that the district court erred in denying his motion to withdraw his guilty plea because Medina raised "significant questions" about the knowing and voluntary nature of his plea; (2) that the appeal waiver in the plea agreement should not bar his claims that he is entitled to a remand under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (3) that he was denied effective assistance of counsel at sentencing because his counsel was operating under an actual conflict of interest that adversely affected his performance.

"The decision to allow a guilty plea to be withdrawn is committed to the discretion of the district judge and is reviewed for an abuse of discretion." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997) (citation omitted). "The defendant bears the burden of demonstrating valid grounds for relief." *Id.* In determining whether a defendant has demonstrated a "fair and just reason" for withdrawing his plea, "the district court should examine [1] the amount of time elapsed between the plea and the subsequent motion to withdraw, and [2] whether the defendant's motion to withdraw his plea asserted his innocence, as well as [3] giving due regard to any prejudice the government might suffer as a result." *United States v. Karro*, 257 F.3d 112, 117 (2d Cir.2001) (citations and internal quotation marks omitted). To obtain withdrawal of a guilty plea, the defendant must "raise a significant question about the voluntariness of the original plea." *Torres*, 129 F.3d at 715.

■ The district court did not abuse its discretion in denying Medina's motion. At the post-remand hearing[2] Medina repudiated the claims that he had previously raised during his sentencing proceeding, raised two new allegations of misconduct, and repeatedly acknowledged his guilt. As the district court correctly stated, "[g]iven the fact that Medina vigorously pressed his allegations ... during the sentencing proceeding, the sudden appearance of these new allegations torpedoes [Medina's] credibility." Accordingly, Medina failed to "raise a significant question about the voluntariness of the original plea." *Id.* On this record, Medina's plea was knowing and voluntary, and the district court's factual determination that Medina's allegations of attorney misconduct were false was not clearly erroneous.

■ Medina further argues that the appeal waiver should not apply to bar him from seeking relief under *United States v. Booker*, 543 U.S. at 220, 125 S.Ct. 738, because he was sentenced before *Booker* was decided. We have squarely rejected this argument, *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir.2005), and Medina's reliance on *United States v. Rosen*, 409 F.3d 535 (2d Cir.2005), is misplaced: *Rosen* did not involve, and this Court did not address, the issue of an appeal waiver. Thus, *Booker* does not bar application of the appeal waiver.

■ Finally, Medina argues that he was denied effective assistance of counsel at sentencing because his counsel was operating under an actual conflict of interest that adversely affected his performance. This claim is without merit because Medina has

---

**2.** After Medina filed his notice of appeal, the government submitted a motion to this Court seeking a limited remand to the District Court for the purpose of conducting a hearing on Medina's claims concerning the voluntariness of his guilty plea. This Court granted the government's motion and a hearing was held before Judge Buchwald over two days, on May 11 and June 6, 2006 (the "post-remand hearing").

failed to show that there was any actual conflict of interest that adversely affected his counsel's performance at sentencing. He has failed to identify any plausible alternative defense strategy at sentencing that was inherently in conflict with or not undertaken because of his lawyer's alleged interest in defending himself against Medina's claims at sentencing. *See Eisemann v. Herbert,* 401 F.3d 102, 107 (2d Cir.2005); *United States v. Schwarz,* 283 F.3d 76, 92 (2d Cir.2002).

For the foregoing reasons, the defendant's appeal is **DENIED** and the judgment of conviction is **AFFIRMED.**