UNITED STATES of America, Appellee,

v.

Andrea NUNEZ, Defendant–Appellant,

Ramon Almonte, Paulino de La Salcedo–Genoa, Mauricio Rivas Gomez, Marcos Pena–Gonzalez, Leyda Selkow, Jose Angel Castaneda, Miguel Santos, Oscar Carino, Gabriel Briel Polanco, Juan Espino, Venicio Martinez, Victoria Silva, Alex Vazquez, Sarita Gregorio, Caesar Robles, Rocque Rodriguez–Gonzalez, also known as El Viejo, also known as Mendes Rodriguez, Carlos Villavizar–Guzman, also known as El Professor, Gladys Suriel–Collado, Luis Ricardo Reyes–Mendoza, Defendants.

No. 07–3998–cr.

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Howard L. Jacobs, New York, NY, on submission, for Appellant.

Michael J. Garcia, United States Attorney, Southern District of New York (Kevin R. Puvalowski, Katherine Polk Failla, Assistant United States Attorneys, of coun-

## 44

sel), New York, NY, on submission, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LAWRENCE E. KAHN,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Andrea Nunez pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess, with the intent to distribute, cocaine in violation of 21 U.S.C. § 846. Nunez appeals her sentence of 135 months' imprisonment, five years of supervised release, and a $100 special assessment. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented by this appeal.

Nunez pled guilty pursuant to a plea agreement, which stipulated that the applicable Guidelines sentencing range was 135–168 months in prison. The district court sentenced Nunez to 135 months in prison, at the bottom of the range. Nunez argues that her case, and "all pending cases involving sentencing issues" should be remanded for re-sentencing to give the judge the opportunity to reconsider the sentence in light of *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), a case decided after Nunez's sentencing. But, Nunez fails to explain how *Gall* allegedly affected district court judges' sentencing decisions in a case such as the one before us, except to say that *Gall* "clearly recognized a great discretion in the district court to depart from the advisory guidelines where appropriate after considering all of the factors set forth in 18 U.S.C. § 3553(a)." While *Gall* contains some statements regarding proper

* The Honorable Lawrence E. Kahn, United States District Judge for the Northern District

sentencing procedures by district court judges, *see, e.g., Gall,* 128 S.Ct. at 594, 596–597, 598, they essentially reiterate the previously established requirements under *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), all of which were complied with by the district court.

Under the terms of the plea agreement, moreover, Nunez agreed not to appeal "any sentence within or below the Stipulated Guidelines Range" set forth in the plea agreement. Because the Stipulated Guidelines Range in the plea agreement was 135–168 months in prison, and Nunez received a sentence of 135 months in prison, the waiver provision applies. *See, e.g. United States v. Haynes,* 412 F.3d 37, 38–39 (2d Cir.2005) (per curiam) (holding waiver enforceable when appeal was filed post-*Booker* and plea agreement was signed pre-*Booker* ). Nunez is therefore foreclosed from appealing her sentence.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.