SUMMARY ORDER
Defendant Clifford Hunter was indicted on one count of conspiracy to distribute 50 grams or more of crack cocaine, see 21 U.S.C. § § 841(a)(1), 841(b)(1)(A), 846, and thirteen counts of substantive drug crimes, see id. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 841(b)(l)(B)-(C), 843(b), 844, 846. Rather than risk a sentence of 20 years to life as second-time felony drug offender, see id. 21 U.S.C. §§ 841(b)(1)(A), 851, Hunter agreed to plead guilty to a single lesser-included count of conspiracy to possess with intent to distribute an unspecified quantity of crack cocaine, see id. § § 841(a)(1), 841(b)(1)(C), 846. As part of his plea agreement Hunter waived any right to appeal or collaterally attack his conviction or sentence provided the district court did not impose a term of incarceration in excess of 235 months.
Although Hunter was sentenced to a prison term of 188 months, he now appeals his conviction, arguing that the district court failed to establish a sufficient factual basis for his guilty plea as required by Federal Rule of Criminal Procedure 11(b)(3). Specifically, Hunter asserts that the plea record demonstrates only a buyer-seller relationship between himself and his drug supplier, which is insufficient as a matter of law to support a conspiracy conviction. We reject the argument as without merit.
1. Appellate Waiver
Preliminary to addressing the merits of Hunter’s plea challenge, we address the issue of appellate waiver. Hunter invokes United States v. Adams, 448 F.3d 492 (2d Cir.2006), to argue that appellate waivers entered into pursuant to plea agreements cannot bar a defendant from challenging the validity of the underlying guilty plea.
The application of Adams to this case presents no neat fit. In Adams, we held that a defendant who waives his right to appeal as part of a plea agreement nevertheless “retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty, and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea.” Id. at 497 (internal quotation marks omitted). The error allegedly infecting Adams’s guilty plea “stemmed from the court’s erroneous identification of the elements necessary for conviction and sentencing under Section 841(b)(1)(A).” Id. at 500. No such concern is present in this case. The district court properly identified the elements of the crime to which Hunter pleaded guilty. Hunter acknowledged his understanding of the charge and the plea agreement, including its appellate waiver provision. At least to this extent, Hunter does not allege that his guilty plea was not knowing and voluntary, see United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir.2007); nor does he assert that he was denied the benefit of his plea bargain, see United States v. Morgan, 406 F.3d 135, 137 (2d Cir.2005).
Insofar as Hunter’s sufficiency challenge to his guilty plea might be viewed as an argument that he did not fully understand the conspiracy charge to which he pleaded guilty, thereby precluding his plea from being “knowing,” the record does not readily support that conclusion. The district court not only recognized the potential application of the buyer-seller rule to Hunter’s case; it questioned counsel and defendant in some detail to determine whether that rule might apply. In the course of this colloquy, neither Hunter nor *56 his counsel indicated any reluctance to go forward with the agreed conspiracy plea. Nor did they challenge the district court’s conclusion that the buyer-seller rule did not apply on the facts acknowledged by Hunter and proffered by the government. To the contrary, defense counsel appears to have conceded the issue: “We’re not trying to, you know, undermine the conspiracy charge at this point.” Plea Tr. at 51. Moreover, prior to the entry of judgment, Hunter never asserted that his guilty plea to the conspiracy count of conviction was not knowing or not supported by the allocution record. Cf. United States v. Adams, 448 F.3d at 496 (discussing Adams’s presentence efforts to withdraw guilty plea).
In these circumstances, it is not apparent that Adams stands for the proposition that a defendant, having pleaded guilty after being alerted to a possible defense, ie., the buyer-seller rule, and having limited his sentencing exposure through a plea agreement that waived appeal, may nevertheless test that defense for the first time on appeal. We need not, however, pursue that question further because even if we were to resolve it in Hunter’s favor we would reject his plea challenge on the merits.
2. Hunter’s Guilty Plea to Conspiracy Is Not Rendered Factually Insufficient by the Buyer-Seller Rule
Rule 11(b)(3) of the Federal Rules of Criminal Procedure states that “[b]efore entering judgment on a guilty plea,” a district court must “determine that there is a factual basis for the plea.” Fed. R.Crim.P. 11(b)(3); see also United States v. Gonzalez, 420 F.3d 111, 133 (2d Cir. 2005). “The rule is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.” United States v. Adams, 448 F.3d at 499-500 (internal quotation marks omitted); see also McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). To fulfill its obligation under the rule, a district court need not “weigh any evidence or predict what a jury would do with the case” but, instead, “must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.” United States v. Smith, 160 F.3d 117, 121 (2d Cir.1998) (internal quotation marks omitted).
In determining whether a sufficient factual basis exists for a plea, we look to the defendant’s own admissions along with “any facts on the record at the time of the plea proceeding.” United States v. Adams, 448 F.3d at 499. Thus, the factual basis for a guilty plea “need not be drawn directly from the defendant. The judge may look to answers provided by counsel for the defense and government, the pre-sentence report, or whatever means is appropriate in a specific case.” United States v. Smith, 160 F.3d at 121 (citation, alteration, and internal quotation marks omitted); see also United States v. Maher, 108 F.3d 1513, 1524-25 (2d Cir.1997) (“[S]o long as the facts relied on are placed on the record at the time of the plea, the district court, in determining whether there was a factual basis for the plea, is free to rely on any facts at its disposal— not just the admissions of the defendant.” (alteration and internal quotation marks omitted)).
As noted above, defendant did not object to the district court’s acceptance of his guilty plea,.and he did not subsequently move to withdraw his plea. “[Wjhere a defendant raises on appeal a claim of Rule 11 error that he did not raise in the dis *57 trict court, that claim is reviewable only for plain error.” United States v. Torrel-las, 455 F.3d 96, 103 (2d Cir.2006); see also Fed.R.Crim.P. 52(b); United States v. Vonn, 535 U.S. 55, 58-59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (holding that a “silent defendant” who “lets Rule 11 error pass without objection in the trial court” must satisfy the plain-error rule on appeal). “To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Quinones, 511 F.3d 289, 316 (2d Cir.2007). We identify no error, let alone plain error in this case.
Under our precedent, the “buyer-seller rule” holds that “the mere relationship between a buyer and seller of drugs is not sufficient to show a conspiratorial agreement under § 846.” United States v. Gore, 154 F.3d 34, 40 n. 1 (2d Cir.1998); see also United States v. Hawkins, 547 F.3d 66, 71 (2d Cir.2008); United States v. Wexler, 522 F.3d 194, 208 (2d Cir.2008). Although the rule can apply even if the seller is aware that the buyer intends to resell the drugs, see United States v. Parker, 554 F.3d 230, 235 (2d Cir.2009), its reach is limited and narrow, id. at 236. The rule does not shield either a buyer or a seller from a charge of conspiracy if the evidence supports a finding that they shared a common purpose “to advance other transfers, whether by the seller or by the buyer.” Id. at 235. Any number of facts can support an inference of such a common purpose. For example, a seller running a profit-motivated business of selling drugs in wholesale quantities, may well realize that his buyer’s ability to purchase substantial amounts of drugs — and, therefore, the seller’s own profit — will depend on the buyer’s ability to resell. In such circumstances, the seller “may well share with the buyer an intention that the buyer succeed in reselling and may be seen as having a stake in the buyer’s resale.” Id. at 236. Similarly, a buyer’s willingness to identify new customers for a seller or a seller’s willingness to supply his buyer with drugs on credit can demonstrate a mutual relationship of trust in which the buyer or seller has a stake in the other’s transfers. See id. at 237 (discussing United States v. Hawkins, 547 F.3d at 72, 76).
Applying these principles to this case, we easily conclude that the plea colloquy demonstrated more than a buyer-seller relationship and sufficed to support Hunter’s conviction for conspiracy. Hunter not only characterized the “agreement” he entered into with his supplier as one in which he would resell crack, Plea Tr. at 47-48, he also acknowledged that his supplier sometimes gave him the crack on credit to be resold, see id. at 40; see also Joint App. at 12 (Petition to Enter Plea of Guilty). By itself, such evidence was sufficient to support a guilty plea to conspiracy because it demonstrated a mutual interest in Hunter’s resale of the drugs that went beyond a simple buyer-seller arrangement. See United States v. Parker, 554 F.3d at 237-40; United States v. Hawkins, 547 F.3d at 74-76; see also United States v. Contreras, 249 F.3d 595, 599 (7th Cir.2001) (noting that fact that “seller ‘fronted’ the narcotics to the buyer” could properly be considered as evidence that parties had joined in larger conspiracy).
Proof of a conspiracy was further demonstrated by Hunter’s acknowledgment that, at a time when he owed his supplier money, Hunter introduced the supplier to another customer interested in making wholesale purchases of crack. Even if, as defense counsel asserted, the introduction was not strictly a payment by Hunter for *58 the drugs supplied to him, Hunter’s indebtedness to his supplier demonstrated that he was more than a mere go-between a willing buyer and a willing seller. Rather, it provided further evidentiary support for what Hunter himself was willing to acknowledge, ie., a conspiracy, specifically, one based on a shared interest in promoting (1) sales by the supplier to persons other than Hunter and (2) sales by Hunter to third parties. See United States v. Parker, 554 F.3d at 239; United States v. Hawkins, 547 F.3d at 75.
Because we conclude that the plea record afforded the district court adequate factual support to identify a conspiracy crime, we discern no Rule 11(b)(3) error, much less plain error, in the judgment of conviction.
For the foregoing reasons, we AFFIRM the judgment of the District Court.