09-1568-cr
United States of America v. Doe

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                                            **Chief Judge**,
                    AMALYA L. KEARSE,
                    GUIDO CALABRESI,
                                            **Circuit Judges**,

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                                09-1568-cr

JOHN DOE,
        **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:      Ronald B. Resetarits (Thomas G.
                              Dennis on the brief), Federal
                              Defender Office, New Haven, CT.

APPEARING FOR APPELLEES:      Edward Chang (Sandra S. Glover
                              on the brief) for Nora R.
                              Dannehy, United States Attorney

1

for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Assuming *arguendo* that we can reach the appellant's challenge to his sentence based on the government's alleged breach notwithstanding his appellate waiver, the challenge is without merit. No plain error was committed below; it is by no means plain that the government's recommendation of a sentencing range violated the provision of the plea agreement that arguably forbade it from requesting a specific sentence. See <u>Puckett v. United States</u>, 129 S. Ct. 1423, 1428-33 (2009); <u>United States v. MacPherson</u>, 590 F.3d 215, 218 (2d Cir. 2009). The remaining challenges to the sentence do not overcome the appellant's valid waiver of his right to appeal a sentence within the stipulated Guidelines range; these challenges are therefore waived. See <u>United States v. Haynes</u>, 412 F.3d 37, 39 (2d Cir. 2005).

Finding no merit in any of the appellant's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK