09-0247-cr
USA v. Khammanivong

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

Present:    JOSEPH M. McLAUGHLIN,
            ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                                        No. 09-0247-cr

        - v -

VANG KHAMMANIVONG,

                *Defendant-Appellant*.

_____

For Defendant-Appellant:         PHILLIP R. HURWITZ, Rochester, N.Y.

For Appellee: STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Vang Khammanivong appeals from a final judgment of conviction by the United States District Court for the Western District of New York (Siragusa, *J.*), dated January 7, 2009, sentencing Khammanivong to 120 months' imprisonment for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      The Failure to Hold an Evidentiary Hearing**

On appeal, Khammanivong first challenges as error the district court's failure to hold an evidentiary hearing before denying his motion to withdraw his guilty plea. We review a district court's decision to deny a motion to withdraw a plea for abuse of discretion. *United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006). The same standard of review applies to a district court's decision not to hold an evidentiary hearing before denying a motion. *See United States v. Doe*, 537 F.3d 204, 212 (2d Cir. 2008). A district court abuses its discretion only if it bases its ruling on a mistaken application of the law or on a clearly erroneous finding of fact. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Rule 11 of the Federal Rules of Criminal Procedure allows a defendant to withdraw a guilty plea after the court has accepted the plea but before a sentence is imposed, but only if the defendant can show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Where the reason advanced is related to the lack of voluntariness of the plea, the "defendant must raise a significant question" regarding any involuntariness. *Doe*, 537 F.3d at 211 (internal quotation marks omitted). Bald assertions that merely contradict a defendant's clear statements at plea allocutions are not sufficient to meet the significant question requirement. *Id.* If the defendant successfully raises a significant question concerning the voluntariness of the plea, the court may require an evidentiary hearing to assess whether the defendant's allegations have merit. *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). A district court need not grant a hearing where the defendant's allegations merely contradict the record, are inherently incredible, or are simply conclusory. *Id.*

In the present case, it was not an abuse of discretion for the district court to decline to hold an evidentiary hearing because there was sufficient evidence in the record to support the court's finding that Khammanivong had not raised a significant question as to the voluntariness of his plea. At his federal plea allocution, Khammanivong was questioned extensively as to whether his plea was voluntary. Khammanivong confirmed that he had read a translated copy of his plea agreement and had reviewed it with his attorney. The district court nonetheless reviewed the key portions of the agreement with Khammanivong, including the sections covering the elements of the crime and the potential sentence. Khammanivong admitted to knowingly using his camera phone to take two close-up pictures of the genital area of a minor. Since "[t]he district court is entitled to accept a defendant's statements under oath at a plea allocution as

3

true," *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997), it permissibly found, after observing no difficulties with Khammanivong's demeanor, that Khammanivong "knew exactly what he was doing and understood the consequences of his plea of guilty."

Khammanivong argues that he raised two significant questions of involuntariness, which he maintains required a hearing to address. Neither of these arguments is persuasive. First, he argues that there was a significant question as to whether his attorney caused him to plead guilty involuntarily by misrepresenting the sentence he was likely to face under the agreement, as well as by failing to explain the concept of "knowingly" to him and suggesting he was charged with a strict liability crime. Second, Khammanivong argues that there was a significant question as to whether his interpreter properly translated the plea agreement for him.

To support these related assertions, Khammanivong relies on one instance during each of his federal and state plea allocutions where he gave ambiguous answers to questions from the court. Though these responses are arguably consistent with confusion, taken in the context of Khammanivong's proceedings as a whole, they are not significant enough to render the district court's findings impermissible and clearly erroneous.

Khammanivong further claims that, in both his state and federal prosecutions, he appears to have changed his story after his plea was entered because, once he spoke to someone "without an attorney, and without leading questions," he realized he had substantively misunderstood what was transpiring at the plea allocutions. While the charge to which he pled guilty requires only knowing possession – a requirement which Khammanivong, in his motion to withdraw his plea, concedes – the factual basis in the plea agreement describes more. Khammanivong argues that aside from his answer of "yes" to a leading question at his plea allocution, he has always

4

maintained that the photos were taken accidentally and discovered later. He claims that the fact that he did not object when the district court asked him if he "knowingly us[ed] his camera phone to take two close-up pictures of the genitalia area of a 6-year-old girl" is evidence that the concept of knowingly was either not explained by his attorney or not properly translated. However, the district court noted that the two post-plea narratives Khammanivong maintains are the accurate recollections, untouched by the interpreter – namely, the accounts in his state presentence interview and his federal motion to withdraw his guilty plea – were themselves inconsistent and contained different explanations for how the photos appeared on his phone without his knowledge. This, combined with Khammanivong's affirmations at his plea allocution that his attorney and translation were adequate, provided the district court with sufficient basis to find that Khammanivong's motion contained bald statements contradicted by his plea allocution, and that no further hearing was required.

## II.     The Failure to Consider Khammanivong's Age in Sentencing

Khammanivong's second argument on appeal is that a district court erred in finding that his age was not the basis for a downward departure from his maximum statutory sentence. We decline to address the merits of this argument because in his plea agreement Khammanivong waived the right to appeal his sentence.

This Court has made clear that "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam). Under this rule, a defendant may only seek relief from an agreed upon waiver if it can be shown that the plea

5

itself was not knowing and voluntary, or where sentencing was based on a constitutionally impermissible factor such as bias. *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam).

Khammanivong's plea agreement contained a waiver of the right to appeal any sentence of 120 months' imprisonment or less, a fine of $20,000 to $200,000, and a period of supervised release for life. His actual sentence of 120 months with fifteen years of supervised release and no fine plainly fits within this provision. Given that Khammanivong raises no constitutional issue and, as discussed above, he has failed to demonstrate that the plea agreement was not knowing and voluntary, we have no occasion to address Khammanivong's sentencing argument.

We have considered all of plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


By: _____