**UNITED STATES of America,**
**Appellee,**

v.

**Dennis BRAITHWAITE, aka Den**
**Den, Defendant–Appellant.**

**Nos. 03–1352–cr(L), 05–4731–cr(Con),**
**05–5968–cr(Con).**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2007.

Felice M. Duffy, Assistant U.S. Attorney (Alex V. Fernandez, William J. Nardini, Assistant U.S. Attorneys, on the brief), for Kevin J. O'Connor, U.S. Attorney for the District of Connecticut, for Appellee.

Earle Giovanniello, New Haven, CT, for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Dennis Braithwaite appeals from the judgment and sentence of the district court imposed on May 19, 2003, as well as from the district court's July 14, 2005 order denying Braithwaite's motion for a reconstruction hearing. Dennis Braithwaite was indicted in 1993 for drug-related crimes. In 1994, he pled guilty to possession with intent to distribute five grams or more of cocaine. Braithwaite, however, failed to appear at his scheduled sentencing hearing later that year. A warrant was issued for his arrest, and in the fall of 2002, he was apprehended. Braithwaite was thereafter sentenced to 87 months in prison, four years of supervised release, and an assessment of $100. We presume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We first turn to Braithwaite's challenges to his conviction and to the order denying the reconstruction hearing. Both challenges center on the absence of a transcript from Braithwaite's 1994 plea hearing. The Government argues persuasively that the Fugitive Disentitlement Doctrine should apply in this situation and thus that Braithwaite's appeal should be dismissed

without more. *See United States v. Awadalla,* 357 F.3d 243 (2d Cir.2004) (collecting cases). We do not, however, need to reach this question.

In *United States v. Weisser,* 417 F.3d 336 (2d Cir.2005), we reaffirmed earlier case law, and joined "almost every circuit to consider the issue," in holding that in the context of missing or inaccurate trial transcripts, an appellant must show "specific prejudice to his ability to perfect an appeal." *Id.* at 342–43. Prejudice exists "if the record is so deficient that it is impossible for the appellate court to determine if the district court has committed reversible error." *Id.* at 343 (internal quotation marks omitted). Braithwaite has not made such a showing. He cites no specific prejudice, asserting in general that he is prejudiced by the "inability to determine whether [his] plea complied with Rule 11." But the record is in fact sufficient to demonstrate that the plea allocution was conducted properly, and in compliance with Rule 11, and Braithwaite, who actively participated in the plea proceedings, gives us no reason to think the missing transcript would demonstrate otherwise.[1]

■ Because Braithwaite's sentence falls within the range covered by the appellate waiver provision of his plea agreement, we will not entertain his claims of sentencing error. *See United States v. Morgan,* 406 F.3d 135, 137 (2d Cir.2005).

Braithwaite attempts to avoid this result by arguing that the missing plea transcript precludes us from concluding that his waiver of appeal was, in fact, knowing and voluntary. However, Braithwaite himself certified by his signature on his plea agreement that he had read and understood the terms of the document, which included the waiver of his appeal rights. Moreover, Braithwaite's counsel at the time attested that he had read and explained the plea agreement to Braithwaite, and that his client had understood its terms. In light of these facts and in the absence of any evidence or even assertion by Braithwaite to the contrary, we are satisfied that the appellate waiver was knowing and voluntary and that no contrary conclusion in warranted by the missing transcript. Accordingly, Braithwaite is barred from challenging his sentence.

We therefore AFFIRM Braithwaite's conviction and sentence and the district court's denial of a reconstruction hearing.

---

1. Braithwaite also claims that the missing transcript might support an argument that his guilty plea is invalid as he did not know that the sentencing guidelines were not mandatory or that he had a right to have a jury determination of sentencing facts. This Court, however, has held "that an otherwise valid plea agreement and waiver of right to appeal sentence, entered into before January 12, 2005, is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were mandatory rather than advisory." *United States v. Roque,* 421 F.3d 118, 124 (2d Cir.2005); *see also United States v. Morgan,* 406 F.3d 135, 137 (2d Cir.2005) (noting that the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements).