**Mercedes ACOSTA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 09 Civ. 7462.
No. 05 Cr. 1261.

United States District Court, S.D. New York.

Dec. 31, 2009.

Justin Levine, Justin Levine Esq., Bronx, NY, for Petitioner.

Jonathan Ephraim Weis Cohen, United States Attorney Office, New York, NY, for Respondent.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Mercedes Acosta ("Acosta") brought this action pursuant to 28 U.S.C. § 2255 (" § 2255") seeking to vacate, set aside or correct her sentence. Acosta pled guilty pursuant to a plea agreement to one count of conspiracy to launder narcotics proceeds. The stipulated sentencing range under the Guidelines, based on an offense involving between $120,000 and $200,000, was 70 to 87 months' imprisonment. Taking into account the considerations listed under 18 U.S.C. § 3553(a), the Court imposed a non-Guidelines sentence of 44 months of incarceration and ordered forfeiture of $120,000, the sum specified in the Presentence Report in accordance with the amount stipulated in the plea agreement.

Acosta appealed to the Second Circuit, arguing that her sentence should be vacated based on the decision by the United States Supreme Court in *United States v. Santos*, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), which Acosta argued required the District Court to determine the amount of profits involved in the charge against her in order to calculate the applicable offense level under the Sentencing Guidelines. Acosta also challenged the sentencing enhancements and waiver of appeal contained in the plea agreement, contending that her acceptance of those provisions was not knowing and voluntary and did not apply to challenges to the forfeiture amount, and that her attorney had coerced her into pleading guilty. By Summary Order, the Court of Appeals for the Second Circuit affirmed Acosta's conviction and sentence. *See United States v. Acosta*, No. 08–0219–cr (2d Cir. Jan. 8, 2009) ("Sum. Order."). It found that the appeal waiver provision was enforceable with regard to Acosta's 44–month sentence, that nothing in the record supported Acosta's claim that her plea was not knowing and voluntary; that the stipulated forfeiture amount was appropriate; and that any allegations regarding Counsel's alleged coercion should be addressed in a proceeding pursuant to § 2255. In the instant petition, Acosta again raises a

claim based on *Santos* and challenges her waiver of the right to contest her sentence through collateral review.

■ The Court rejects each of Acosta's arguments. The record of Acosta's plea allocution establishes conclusively that Acosta was fully aware of the sentencing enhancements and waivers contained in the plea agreement, that she was sufficiently informed of the consequences of her pleading guilty, and that her plea was knowing, voluntary and based on advice of counsel. Moreover, Acosta acknowledged to the Court that she was satisfied with her counsel and the representation he provided her. In the plea agreement Acosta waived her right to challenge on appeal a sentence within or below the stipulated sentencing range of 70 to 87 months. The Court finds that Acosta's waiver agreement is enforceable and that Acosta is thus barred from challenging her sentence on collateral review. *See United States v. Lee*, 523 F.3d 104, 106 (2d Cir.2008); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir.2005).

■ The Court also finds that Acosta's claims based on *Santos* and the sentencing enhancements amount to an improper attempt to relitigate matters argued and decided against Acosta on appeal. *See United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997). In rejecting Acosta's appeal and affirming her conviction upon review of the merits of the issues that were not barred by the waiver, the Second Circuit specifically cited *Santos* in support of its reading of the applicable statute to provide that forfeiture extends not just to profits but to any property involved in a money laundering offense. *See Acosta*, Sum. Order at 2. Nonetheless, the Court concludes that even if it considered Acosta's claim on the merits it would find no grounds for relief. The proceeds from Acosta's money laundering activities derived from illegal narcotics, not gambling, such as was the case in *Santos*. Circuit Courts which have addressed the issue have narrowed *Santos* to its facts and have drawn this distinction. *See United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir.2009); *United States v. Howard*, 309 Fed.Appx. 760, 771 (4th Cir.2009).

Because Acosta has not sufficiently demonstrated that she has any plausible claim, and because the files and records of the case conclusively show that she is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required. *See* 28 U.S.C. § 2255; *United States v. Tarricone*, 996 F.2d 1414, 1417–18 (2d Cir. 1993).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Mercedes Acosta ("Acosta") for an order to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

Because Acosta has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**