United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                 _Chief Judge_,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
                 _Circuit Judges_.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

      _Appellee_,

      -v.-                                   10-3018

DWANDELL WILLIAMS,

      _Defendant-Appellant_.


- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Steven Y. Yurowitz
                           New York, NY

1

**FOR APPELLEE:** Monica J. Richards (Stephan J. Baczynski, on the brief) Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY

Appeal from judgments of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgments are **AFFIRMED.**

Dwandell Williams appeals from judgments entered in the United States District Court for the Western District of New York convicting him upon a guilty plea of [a] possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and [b] violating the terms of his supervised release. He was sentenced to consecutive terms of imprisonment of 210 and 12 months, respectively. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1] Williams argues that he was deprived of his Sixth Amendment right to the effective assistance of counsel at his sentencing. However, having waived his right to appeal any sentence within or below the Guidelines range, he may not now do an end-run around his plea agreements on the ground of ineffective assistance. "Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). So long as they are knowing and voluntary, such waivers "must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004) (internal quotation marks omitted). A defendant may not "dress up" a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel by arguing the deficiency of his counsel's performance "not at the time of the plea, but at sentencing." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam).

Here, Williams' sentence fell within or below the Guidelines ranges specified in the plea agreements, and therefore triggered the appellate waiver provisions of those agreements. His arguments as to the adequacy of his attorney's performance at sentencing are consequently foreclosed. See id.

**[2]** Williams also argues that he was not advised that the Guidelines recommended an upward departure on the supervised release violation because his original sentence reflected a downward departure. But Williams was aware that he could receive a prison term of up to five years for his supervised release violation. Moreover, Williams was not prejudiced by his attorney's failure to mention the impact of the downward departure at his original sentencing, since he ultimately received a below-Guidelines sentence. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Williams therefore has not shown that his attorney was ineffective in entering into the plea agreement.

We have considered Williams' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3