Jose PAREDES–CISNERO, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 11 Civ. 2908 (VM),
03 Cr. 809 (VM).

United States District Court,
S.D. New York.

June 19, 2012.

Jose Paredes–Cisnero, Edgefield, SC, pro se.

E. Danya Perry, U.S. Attorney's Office, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Jose Paredes–Cisnero ("Paredes–Cisnero") brought this pro se petition pursuant to 28 U.S.C. § 2255 (" § 2255") to vacate, set aside, or otherwise correct his sentence. On April 30, 2004, the Court sentenced Paredes–Cisnero to 151 months of imprisonment to be followed by a five-year term of supervised release for attempting to distribute and possess with the intent to distribute approximately 3 kilograms of cocaine and 500 grams of heroin. Paredes–Cisnero contends that his sentence must be amended because the Fair Sentencing Act of 2010 and an amendment to the United States Sentencing Guidelines ("Amendment 742") should apply to his sentence. For the reasons discussed below, Paredes–Cisnero's petition is DENIED.

### I. BACKGROUND [1]

On July 1, 2003, Paredes–Cisnero was indicted for one count of unlawfully, intentionally, and knowingly attempting to distribute and possess with the intent to distribute approximately three kilograms of cocaine and five hundred grams of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846.

On January' 9, 2004, pursuant to a plea agreement with the government, Paredes–Cisnero pled guilty to the indictment. In his agreement, Paredes–Cisnero acknowledged that: (1) the offense level for his violation was 29, (2) he would be placed in Criminal History Category VI because he had 13 criminal history points, a calculation which included the fact that he committed the underlying offense within two years of a previous conviction, (3) the applicable Sentencing Guidelines Range, based on his violation and criminal history category, was between 151 to 188 months, and (4) he waived his right to appeal—directly or collaterally under Title 28, United States Code, Section 2255 and 2241—any sentence within or below the applicable Sentencing Guidelines range. During his plea allocution on the same day, Paredes–Cisnero stated that he under-

---

1. The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: *United States v. Paredes–Cisnero*, No. 03 Cr. 809, Indictment (S.D.N.Y. July 1, 2003) (Docket No. 5); Order Directing Affirmation 28 U.S.C. § 2255, May 17, 2011 (Docket No. 5); Petitioner's Motion to Vacate His Sentence Pursuant to 28 U.S.C. § 2255, and Why It Would Not Be Time-Barred, dated July 11, 2011 (the "Motion"); and Government's Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence, dated March 15, 2012 (the "Opposition"). Except where specifically referenced, no further citation to these sources will be made.

stood the consequences of his plea agreement and that he was voluntarily pleading guilty. (*See* Opposition, Ex. B at 19, 27 ("Plea Transcript")).

Subsequently, on April 30, 2004, this Court sentenced Paredes–Cisnero to prison for 151 months to be followed by five years of supervised release. Paredes–Cisnero did not appeal the sentence, and his conviction became final on May 21, 2004. He is currently serving his sentence, and his projected release date is on or about August 12, 2014.

On or about April 19, 2011, nearly seven years after Paredes–Cisnero's conviction became final, he filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the length of his sentence should be reduced because of the Fair Sentencing Act of 2010 and Amendment 742 to the United States Sentencing Guidelines. The Fair Sentencing Act decreased the statutory penalties for crack cocaine and eliminated the mandatory minimum sentence for simple possession of crack cocaine. Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010). Amendment 742 became effective on November 1, 2010 and eliminated the additional criminal history points that a defendant would receive if he had committed a crime within two years of being released from prison for a prior offense. *See* Sentencing Guidelines for United States Courts, 75 Fed.Reg. 27388, 27393 (May 14, 2010); U.S.S.G. § 4A1.1.

On May 17, 2011, the Court notified Paredes–Cisnero that it would construe his § 2241 petition as a § 2255 petition because he is a federal prisoner challenging his sentence as a violation of the Constitution or laws of the United States. *See Jiminian v. Nash,* 245 F.3d 144, 146–47 ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence ... [whereas] § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." (emphasis removed)). In addition, the Court ordered Paredes–Cisnero to explain why his petition should not be dismissed as time-barred because a habeas petition invoking the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") must be filed within one year of the entry of final judgment. In response to the Court Order, Paredes–Cisnero argues that his petition should not be time-barred because he filed it as soon as he was aware of the amendments that he asserts affect his sentence.

The Government contends that in his plea agreement Paredes–Cisnero waived his right to file a motion under § 2255 and that the amendments do not affect his sentence. Paredes–Cisnero failed to submit a response within thirty days of receiving the Government's argument.

## II. *DISCUSSION*

### A. *RELIEF UNDER § 2255*

 At the outset, the Court notes that Paredes–Cisnero is a pro se litigant. As such, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (quoting *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Paredes–Cisnero's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## B. *PAREDES–CISNERO'S PLEA AGREEMENT*

■ When included in a valid plea agreement, a waiver of the right to appeal a sentence that is within or below the stipulated sentencing guidelines is presumptively enforceable. *See Nicholson v. United States*, 566 F.Supp.2d 300, 302 (S.D.N.Y.2008). Accordingly, courts will enforce such waivers as long as the record clearly demonstrates that the waiver was knowing—in the sense that the petitioner understood the consequences of the waiver—and voluntary—in the sense that the petitioner was not coerced or threatened into agreeing to the waiver. *See United States v. Ready*, 82 F.3d 551, 556–57 (2d Cir.1996); *Nicholson*, 566 F.Supp.2d at 303.

■ The knowing and voluntary requirement is satisfied when the court holds a hearing and informs the defendant of the Government's charges against him and the nature of his agreement, and when the defendant states that he understands the consequences of the agreement, including the acknowledgement that he is waiving his right to appeal. *See, e.g., Garcia–Santos v. United States*, 273 F.3d 506, 508 (2d Cir.2001) (enforcing waiver after defendant had signed plea agreement, told magistrate judge that he read and understood plea agreement at hearing, and did not claim, in his later § 2255 petition, that he did not understand the waiver); *United States v. DeJesus*, 219 F.3d 117, 121 (2d

Cir.2000) (holding that defendant's plea colloquy with the court "adequately establishe[d] that [the] defendant understood the terms of his waiver in the plea agreement"); *Martinez v. United States*, 06 Civ. 100, 2006 WL 1310383, at *1 (S.D.N.Y. May 11, 2006) (enforcing waiver in which defendant stated that he understood his plea agreement). In addition, these requirements can also be satisfied when a defendant signs a plea agreement indicating that he understands the terms of the agreement, and the defendant's attorney states that he has explained the terms of the plea agreement to the defendant. *See United States v. Braithwaite*, 242 Fed. Appx. 765, 767 (2d Cir.2007).

■ Here, the Court finds that Paredes–Cisnero knowingly and voluntarily waived his right to appeal. Since Paredes–Cisnero's sentence was within the guidelines range recommended in his plea agreement, his agreement is presumed to be enforceable. In addition, on January 9, 2004, he signed and consented to the terms of his plea agreement. *See* Opposition, Ex. A at 5.

Furthermore, during his plea allocution on January 9, 2004, Paredes–Cisnero stated that his attorney had explained the terms of the agreement. *See* Plea Transcript at 9. He also confirmed that he understood the consequences of his agreement, including his waiver of the right to appeal his sentence:

> THE COURT: And do you understand that under the terms of the plea agreement you're agreeing not to appeal or otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241 any sentence within or below the stipulated range set forth in your plea agreement?
>
> THE DEFENDANT: I understand.

Plea Transcript at 19. At the request of the Government, the Court even repeated to Paredes–Cisnero that he was waiving his right to appeal. *Id.* at 28. Moreover, Paredes–Cisnero stated that he was pleading guilty voluntarily and of his own free will. *Id.* at 27. Finally, in his petition, Paredes–Cisnero never contends that his waiver was unknowing or involuntary.

Accordingly, Paredes–Cisnero's § 2255 petition for adjustment of his sentence is denied because his sentence is within the stipulated sentencing guidelines, and, under the explicit terms of his plea agreement, he knowingly and voluntarily waived his right to make such a petition.

## C. *STATUTE OF LIMITATIONS*

Although the terms of Paredes–Cisnero's plea agreement bar his § 2255 petition, the Court also finds that his petition is untimely under the statute of limitations set forth by the AEDPA.

The AEDPA establishes a one-year limitations period for petitions seeking relief under § 2255. The one-year limitations period starts from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Paredes–Cisnero's judgment of conviction was entered on May 7, 2004, and, because he did not file an appeal, his conviction became final on May 21, 2004. *See Moshier v. United States,* 402 F.3d 116, 118 (2d Cir.2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Accordingly, Paredes–Cisnero's petition on April 19, 2011 clearly exceeds the one year statute of limitations that was triggered by his final judgment on May 21, 2004.

■ The third category from the above list does not apply in this situation because neither the Fair Sentencing Act nor Amendment 742 affects Paredes–Cisnero's sentence. The Fair Sentencing Act reduced the penalties for certain crack cocaine offenses. *See* Fair Sentencing Act, § 2(a)(2) (increasing, from five grams to 28 grams, amount of mixture or substance containing cocaine defendant must possess in order to violate statute). Paredes–Cisnero's crime, in contrast, had nothing to do with crack cocaine. He pled guilty to a charge of attempt to distribute and possess with the intent to distribute approximately 3 kilograms of cocaine and 500 grams of heroin. Further, Amendment 742, which eliminates "recency" points that are added to a defendant's criminal history score, does not affect Paredes–Cisnero's sentence because, under the Sentencing Guidelines, the provisions of Amendment 742 cannot be applied retroactively. *See* U.S.S.G. § 1B1.10(c) (excluding Amendment 742 from list of amendments that

should be applied retroactively); *United States v. Mitchell*, 402 Fed.Appx. 560, 562 (2d Cir.2010) (stating that Amendment 742 should not be applied retroactively); *see also* 18 U.S.C. § 3553(a)(4)(A)(ii) (providing that sentencing court shall consider guidelines that "are in effect on the date the defendant is sentenced"); U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

Therefore, Paredes–Cisnero's petition is denied for the additional and independent reason that it is time-barred.[2]

### III. *ORDER*

For the reasons stated above it is hereby

**ORDERED** that the petition (Docket No. 1) of Jose Paredes–Cisnero pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED.**

As Paredes–Cisnero has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

---

**2.** Categories two and four do not apply in this case because there was no governmental action that impeded Paredes–Cisnero's ability to file his motion and no new facts have been presented to support his case.