**Frederic POWELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 10 Cr. 243(VM), 12 Civ. 7089(VM).**

United States District Court, S.D. New York.

May 9, 2013.

---

Gary Schoer, Gary Schoer, Esq., Syosset, NY, for Petitioner.

Justin A. Anderson, United States Attorney Office, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Indictment filed on March 19, 2010, the Government charged defendant Frederic Powell ("Powell") with one count of conspiracy to commit wire and bank fraud in violation of 18 U.S.C. § 1349 ("Count One"). Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the Government demanded the forfeiture of "all property, real or personal, constituting or derived from proceeds traceable to the wire and bank fraud offense alleged in Count One of the Indictment, including but not limited to at least $6,071,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the wire and bank fraud offense." Indictment at 12, *United States v. Richmond,* No. 10 Cr. 243 (S.D.N.Y. Mar. 19, 2010), Dkt. No. 23.

On April 21, 2011, Powell pled guilty to Count One of the Indictment pursuant to a written plea agreement with the Government dated April 15, 2011 (the "Plea Agreement"). *See* Mem. of Law of the United States in Opp'n, Ex. A, Dkt. No. 7. Under the Plea Agreement, Powell agreed to forfeit to the United States $110,089.00, representing the amount of proceeds he obtained as a result of the offense. *Id.,* Ex. A at 1–2. The parties further stipulated that: (a) the loss associated with the offense exceeded $1,000,000, but did not exceed $2,500,000; (b) the applicable offense level under the United States Sentencing Guidelines (the "Guidelines") was 22; (c) the applicable Criminal History Category under the Guidelines was II; and (d) the advisory sentencing range under the Guidelines was 46 to 57 months of imprisonment. *Id.,* Ex. A. at 2–3.

Pursuant to the Plea Agreement, the calculation of Powell's Criminal History Category took into account two prior criminal convictions: (1) a March 29, 2011 con-

viction for Grand Larceny, in violation of New York Penal Law § 155.40, in New York County Court, Nassau County; and (2) a March 29, 2011 conviction for Attempted Bribery of a Public Servant, in violation of New York Penal Law § 200.00, in New York County Court, Nassau County. *Id.* at 3.

The parties further stipulated that "neither a downward nor an upward departure from the Stipulated Guidelines Range ... is warranted," but "either party may seek a sentence outside of the Stipulated Guidelines Range ... based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)." *Id.* at 3. Finally, the parties also stipulated "that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 ... of any sentence within or below the Stipulated Guidelines Range of 46 to 57 months' imprisonment, and [ ] that the Government will not appeal any sentence within or above the Stipulated Guidelines Range." *Id.* at 4.

During the plea allocution, Magistrate Judge Frank Maas confirmed, among other things, that: (a) Powell was "satisfied with the representation and the advice" of his attorney, Plea Hr'g Tr., Apr. 21, 2011, 4:25–5:2; (b) Powell understood the charges against him and the maximum sentence associated with those charges, *id.,* 5:8–6:17; (c) Powell was familiar with the Plea Agreement and had signed it after discussing its various terms and conditions with counsel, *id.,* 11:7–16; (d) Powell understood that, pursuant to the Plea Agreement, he agreed "not to appeal from or otherwise collaterally challenge any sentence of 57 months or less," *id.,* 11:25–12:3; (e) there was a factual basis for Powell's plea of guilty, *id.,* 12:22–14:21; and (f) Powell was "aware that the financial insti-

tutions due to my actions ... lost between $1 million and $2 and a half million," *id.,* 13:19–20.

On September 23, 2011, this Court sentenced Powell to 48 months of imprisonment, followed by three years supervised release. *See* Judgment, *United States v. Richmond,* No. 10 Cr. 243 (S.D.N.Y. Sept. 23, 2011), Dkt. No. 74.

On September 20, 2012, Powell moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his plea, sentence and conviction, or in the alternative, reduce his sentence. *See* Def.'s Mot., Sept. 20, 2012, Dkt. No. 1.

## I. *LEGAL STANDARD*

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## II. *DISCUSSION*

Powell alleges that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, *See* Aff. of Frederic Powell at 1, Feb. 28, 2013, Dkt. No. 6. Specifically, Powell alleges that his attorneys in the underlying criminal proceeding were constitutionally deficient in three instances: (1) advising him to plead guilty to the then-pending related criminal charges in New York State court; (2) advising him that he could contest the amount of losses in the underlying federal criminal proceeding at sentencing; and (3) failing to present evidence at sentencing that the amount of losses in the underlying federal criminal proceeding was less than $1,000,000. Because Powell waived his right to collateral

appeal under § 2255, the Court need not address these arguments.

 When included in a valid plea agreement, a waiver of the right to appeal a sentence that is within or below the stipulated range under the United States Sentencing Guidelines is presumptively enforceable. *See Nicholson v. United States,* 566 F.Supp.2d 300, 302 (S.D.N.Y.2008); *United States v. Arevalo,* 628 F.3d 93, 98 (2d Cir.2010). "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Granik,* 386 F.3d 404, 412 (2d Cir.2004) (internal quotation marks omitted). Accordingly, courts will enforce such waivers as long as the record clearly demonstrates that the waiver was knowing—in the sense that the petitioner understood the consequences of the waiver—and voluntary—in the sense that the petitioner was not coerced or threatened into agreeing to the waiver. *See United States v. Ready,* 82 F.3d 551, 556–57 (2d Cir.1996); *Nicholson,* 566 F.Supp.2d at 303.

 The knowing and voluntary requirement is satisfied "when the court holds a hearing and informs the defendant of the Government's charges against him and the nature of his agreement, and when the defendant states that he understands the consequences of the agreement, including the acknowledgment that he is waiving his right to appeal." *Paredes–Cisnero v. United States,* 869 F.Supp.2d 402, 405 (S.D.N.Y.2012); *Garcia–Santos v. United States,* 273 F.3d 506, 508 (2d Cir.2001) (enforcing waiver after defendant had

signed plea agreement, told magistrate judge that he read and understood plea agreement at hearing, and did not claim, in his later § 2255 petition, that he did not understand the waiver); *United States v. DeJesus,* 219 F.3d 117, 121 (2d Cir.2000) (holding that defendant's plea colloquy with the court "adequately establishe[d] that [the] defendant understood the terms of his waiver in the plea agreement"); *Martinez v. United States,* No. 06 Civ. 100, 2006 WL 1310383, at *1 (S.D.N.Y. May 11, 2006) (enforcing waiver in which defendant stated that he understood his plea agreement). These requirements can also be satisfied when a defendant signs a plea agreement indicating that he understands the terms of the agreement, and the defendant's attorney states that he has explained the terms of the plea agreement to the defendant. *See United States v. Braithwaite,* 242 Fed.Appx. 765, 767 (2d Cir.2007).

 Here, the Court finds that Powell knowingly and voluntarily waived his right to collateral appeal. During the plea allocution, Powell testified that he had discussed the terms of the Plea Agreement with counsel, understood that he was waiving his right to appeal or collaterally challenge a sentence of 57 months or less, and that he had signed the Plea Agreement. *See* Plea Hr'g Tr. at 11:7–12:3. Finally, in his petition, Powell never contends that his waiver was unknowing or involuntary. Accordingly, Powell's § 2255 petition is denied because his sentence is within the stipulated sentencing range of the United States Sentencing Guidelines, and, under the explicit terms of his plea agreement, he knowingly and voluntarily waived his right to make such a petition.[1] *See Pa-*

---

1. Powell argues that he was deprived of his Sixth Amendment right to the effective assistance of counsel. However, "having waived

his right to appeal any sentence within or below the Guidelines range, he may not now do an end-run around his plea agreements on

*redes–Cisnero,* 869 F.Supp.2d at 406; *Acosta v. United States,* 691 F.Supp.2d 402, 404 (S.D.N.Y.2009). Because Powell has not sufficiently demonstrated that he has any plausible claim, and because the files and records of the case conclusively show that he is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required. *See* 28 U.S.C. § 2255; *United States v. Tarricone,* 996 F.2d 1414, 1417–18 (2d Cir.1993).

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Frederic Powell to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is **DENIED.**

As Powell has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Court would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

the ground of ineffective assistance." *United States v. Williams,* 448 Fed.Appx. 156, 157 (2d Cir.2012), *cert. denied,* — U.S. ——, 133 S.Ct. 475, 184 L.Ed.2d 296 (2012); *see also United States v. Checo,* 205 F.3d 1325, 1325 (2d Cir.1999) ("We have expressly rejected attempts by defendants to circumvent the waiver of the right to appeal by claiming ineffective assistance of counsel.") (*citing United States v. Djelevic,* 161 F.3d 104, 106–07 (2d Cir.1998) ("If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

appeal provision would be rendered meaningless.")). The Court also notes that, at the plea allocution, Powell testified that he was satisfied with the representation and advice of counsel, *see* Plea Hr'g Tr. at 4:25–5:2, and that he was aware that the losses related to his actions amounted to between $1 million and $2.5 million, *id.,* 13:19–20. "[S]tatements at a plea allocution carry a strong presumption of veracity." *United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997) (*citing Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).