22-2952-cr
*United States v. Jones*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    22-2952-cr

RODERICK L. JONES,

*Defendant-Appellant*.

---

FOR APPELLEE:                    STEVEN D. CLYMER, Assistant United States Attorney (Emmet J. O'Hanlon, Assistant United States Attorney, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:        TIMOTHY P. MURPHY, Federal Public Defender's Office, Buffalo, New York.

Appeal from the judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** to the extent that it raises claims barred by the appellate waiver, and the judgment, entered on November 9, 2022, is otherwise **AFFIRMED**.

Defendant-Appellant Roderick L. Jones appeals from the district court's judgment, following his guilty plea pursuant to a plea agreement, to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), on January 17, 2019 (Count One) and September 29 and 30, 2019 (Count Two). The district court sentenced Jones principally to a term of ninety-six months' imprisonment, to be followed by three years of supervised release. On appeal, Jones raises several challenges to both his convictions and sentence. With respect to the convictions, he argues (1) that his convictions for unlawfully possessing a firearm under Section 922(g)(1) violate the Second Amendment to the U.S. Constitution, and (2) that the district court erred in denying his motion to suppress evidence, including a loaded firearm, seized from the rental car he was driving on January 17, 2019. With respect to his sentencing, he challenges the calculation of his advisory range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), asserting that the district court erred in deciding that (1) his 2010 attempted robbery conviction in New York state was a "crime of violence" under U.S.S.G. § 2K2.1(a)(2), resulting in a base offense level of twenty-four, and (2) he possessed the firearm in January 2019 in connection with another felony, resulting in a four-level increase in his offense level under U.S.S.G. § 2K2.1(b)(6)(B). Jones further contends that his counsel's failure to raise the Second Amendment claim and challenge the sentencing enhancements constituted ineffective assistance of counsel. We assume the parties' familiarity

2

with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Appellate Waiver Provision

As a threshold matter, the government argues that, pursuant to his plea agreement, Jones waived his right to challenge on appeal the constitutionality of Section 922(g)(1), as well as his ninety-six-month sentence.  We agree.[1]

"Waivers of the right to appeal a sentence are presumptively enforceable."  *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citation omitted); *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020).  Waivers are found to be "unenforceable only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence."  *Arevalo*, 628 F.3d at 98 (internal quotation marks and citation omitted).  Additionally, a plea agreement is unenforceable if it lacked consideration, as a plea agreement is governed by contract law principles.  *See United States v. Lutchman*, 910 F.3d 33, 38 (2d Cir. 2018).  These exceptions "occupy a very circumscribed area of our jurisprudence," and "we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."  *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).  Moreover, a valid waiver precludes a post-conviction claim that

---

[1]  In the plea agreement, the parties agreed, with the district court's approval, that Jones reserved his right to appeal the district court's denial of his pretrial motion to suppress in a decision and order filed on March 8, 2022.  Thus, as the government concedes, the Fourth Amendment claim raised by Jones on appeal is not barred by the appellate waiver provision.

a defendant's conviction was predicated on an unconstitutional statute. *See Cook v. United States*, 84 F.4th 118, 125 (2d Cir. 2023), *reh'g en banc denied*, 111 F.4th 237 (2d Cir. 2024).

Jones's plea agreement stated, *inter alia*, that he was waiving his right to appeal "[a]ny sentence to a term of imprisonment of 105 months or less," or to raise "[a]ny claim that the statute to which the defendant is pleading guilty is unconstitutional." Joint App'x at 173. The record demonstrates that this waiver was made knowingly, voluntarily, and competently. At the plea proceeding, the district court explicitly advised Jones of the appellate waiver provision in his plea agreement and confirmed that he understood it. *See* Joint App'x at 210 ("THE COURT: And you understand that you may not appeal your sentence or otherwise challenge or collaterally attack your sentence if I sentence you to 105 months or less? Do you understand that? THE DEFENDANT: Yes, sir. THE COURT: That's in the agreement, right? THE DEFENDANT: Yes, sir."); *see also id.* at 207 ("THE COURT: Mr. Jones, has your attorney discussed with you the sentencing guidelines and how they apply to your case? THE DEFENDANT: Yes, sir."). Here, as noted above, Jones was sentenced to a total term of imprisonment of ninety-six months, thereby triggering the appellate waiver provision that precludes an appeal of that sentence. Jones does not allege, nor is there any evidence in the record to suggest, that his sentence was based on impermissible factors, that the government breached the plea agreement, or that the district court failed to articulate a rationale for his sentence. Nor does Jones claim that he did not receive consideration from the government for his plea agreement and appeal waiver. Instead, Jones argues that (1) his appellate waiver regarding the sentence does not cover challenges to sentencing enhancements under the Guidelines because the waiver does not expressly "reference or encompass any procedural or legal issues involving the Guidelines," Appellant's Br. at 10, and (2) his appellate waiver regarding any challenge to the constitutionality of Section 922(g)(1) is invalid

4

because "only the sentencing component of the written waiver (referencing the 105-month range) was referenced during the plea proceedings," *id.* at 11. We find both grounds unpersuasive.

With respect to his two sentencing challenges, although the appellate waiver provision does not explicitly reference challenges to the Guidelines calculation, it states that Jones is broadly waiving his right to appeal "*any* sentence to a term of imprisonment of 105 months or less," without regard to the nature of any such challenge. Joint App'x at 173 (emphasis added). That expansive language in the waiver provision clearly encompasses both procedural challenges, such as the purported errors in the Guidelines calculation he seeks to assert here, as well as substantive challenges to the length of the sentence. *See, e.g.*, *United States v. Walker*, No. 22-1802-cr, 2023 WL 6057243, at *2 (2d Cir. Sept. 18, 2023) (summary order) (rejecting defendant's argument that appellate waiver in his plea agreement did "not cover any guideline application or bar challenges to his sentence based on procedural errors affecting how the district court arrived at the selected sentence" (alteration adopted) (internal quotation marks and citation omitted)). Moreover, Jones stipulated in his plea agreement to the application of the two Guidelines provisions that he now seeks to challenge on appeal—namely, the increase in his base offense level to twenty-four under Section 2K2.1(a)(2) and the four-level increase in his offense level under Section 2K2.1(b)(6)(B). *See* Joint App'x at 172 ("The parties stipulate that the base offense level for Counts One and Two is 24, pursuant to U.S.S.G. § 2K2.1(a)(2)."); *id.* ("The parties stipulate that the defendant possessed the 9mm pistol in connection with another felony offense, specifically Reckless Endangerment in the First Degree, a Class D Felony, in violation of NYPL 120.25, on September 29, 2019, resulting in a four-level increase in offense level, pursuant to U.S.S.G. § 2K2.1(b)(6)(B).").[2] Both of those

---

[2] Although Jones seeks to challenge the application of the four-level enhancement to his possession of a firearm in January 2019, as opposed to the September 2019 possession of a firearm, the government correctly notes that the question of whether the four-level enhancement also applies to his January 2019 possession of a firearm has no effect on his Guidelines calculation. In other words, whether that

5

stipulations were also explicitly mentioned during his plea proceeding, and Jones confirmed that he understood them. In short, there is nothing in the record to suggest "that the sentence was reached in a manner that the plea agreement did not anticipate," and we find no basis to conclude that his sentencing waiver does not apply to the two challenges to the application of the Guidelines that Jones seeks to raise on appeal. *United States v. Coston*, 737 F.3d 235, 238 (2d Cir. 2013) (per curiam); *see also United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("A finding of true waiver applies with even more force when, as in this case, defendants not only failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit.").

We reach the same conclusion with respect to Jones's constitutional challenge to Section 922(g)(1). Jones argues in conclusory fashion that his explicit waiver of this right in his plea agreement is unenforceable because the district court failed to mention it during the plea proceeding. Because Jones did not object during the plea proceeding, we review this argument under the plain error standard. *See United States v. Cook*, 722 F.3d 477, 482 (2d Cir. 2013). Assuming *arguendo* that the district court's failure to confirm Jones's understanding during the plea proceeding of this particular portion of his appellate waiver was a deviation from the requirements of Federal Rule of Criminal Procedure 11(b)(1)(N), Jones has failed to demonstrate that any error "affected substantial rights [or] that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotation marks and citation omitted); *see United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016) ("[D]eviations from Rule 11 will not warrant appellate relief when the

enhancement applied to one or both of his firearm offenses, his Guidelines calculation would be identical because the offenses are grouped under U.S.S.G. § 3D1.2(d).

6

defendant's 'substantial rights' have not been affected."). During the plea proceedings, the district court confirmed with Jones that he understood the plea agreement, which included an explicit waiver of this constitutional claim, and that he had reviewed and discussed the agreement's contents with his attorney. Moreover, there is no evidence that Jones was coerced or misunderstood any aspects of the plea agreement, including the appellate waiver of this specific claim. Under these circumstances, because we find no plain error in connection with the failure to specifically advise Jones about the waiver of this constitutional claim in his plea agreement, we find that the waiver is enforceable. *See Sanford v. United States*, 841 F.3d 578, 581 (2d Cir. 2016) (enforcing waiver, even though the district court "did not specifically mention that [defendant] had waived the right to [collaterally attack] the conviction or sentence," due to defendant's sworn statement during plea proceeding that he had spoken with his lawyer about the agreement, and no evidence indicated that he was coerced or misunderstood the relevant facts); *see also Rodgers v. United States*, 709 F. App'x 30, 31–32 (2d Cir. 2017) (summary order) ("Based on these facts, the failure to orally note the collateral attack bar in [the] plea agreement at the change of plea hearing is not clear error, and does not invalidate that bar.").

In sum, Jones's sentencing arguments and his challenge to the constitutionality of Section 922(g)(1) are foreclosed by the appellate waiver provision in his plea agreement, and we dismiss the appeal to the extent that it relies on those arguments.[3]

---

[3] To the extent that Jones also contends that his attorney deprived him of effective assistance of counsel by not raising these sentencing arguments and his challenge to the constitutionality of Section 922(g)(1), such a claim for ineffective assistance is clearly without merit. *See United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990). To be sure, we may consider an ineffective assistance claim despite the existence of an appellate waiver "where the defendant claims that the plea agreement was entered into without effective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 113–14 (2d Cir. 2001). However, "[w]e have expressly rejected attempts by defendants to circumvent the waiver of the right to appeal by claiming ineffective assistance of counsel." *United States v. Checo*, 205 F.3d 1325 (2d Cir. 1999) (unpublished disposition); *see also United States v. Williams*, 448 F. App'x 156, 157 (2d Cir. 2012) (summary order) ("A defendant may not 'dress up' a challenge to the correctness of his sentence as a Sixth Amendment claim for

## II. Fourth Amendment Claim

Jones argues that the district court erred in denying his motion to suppress the evidence, including a loaded firearm, that police seized from his rental car on January 17, 2019, without a warrant.[4] He asserted in the district court that suppression was warranted because the police failed to comply with their department's vehicle inventory policy. In doing so, Jones relied on a decision by the New York State Appellate Division reversing his state-court conviction for possessing the firearm seized from the rental car because of a violation of the department's inventory policy. *See People v. Jones*, 185 A.D.3d 1159 (3d Dep't 2020). The district court, after conducting an evidentiary hearing, denied the motion to suppress because it concluded that the warrantless search resulting in the seizure of the firearm in the car's center console "complied with both the automobile exception and search-incident-to-arrest exception" to the warrant requirement. Joint App'x at 156. Thus, the district court stated that it was unnecessary to reach the issue of whether the search was also permissible as an inventory search.

"When reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error and legal findings *de novo*." *United States v. Lajeunesse*, 85 F.4th 679, 685 (2d

---

ineffective assistance of counsel by arguing the deficiency of his counsel's performance 'not at the time of the plea, but at sentencing.'" (quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir.1998) (per curiam)). Here, Jones does not assert that the plea agreement was entered without effective assistance of counsel, but rather that his counsel should have made the Guidelines challenges and the constitutional challenge to Section 922(g)(1) notwithstanding the plea agreement. We reject this attempt to circumvent the appellate waiver through an ineffective assistance claim. Indeed, defense counsel could not have been ineffective for failing to raise the Guidelines challenges because, as noted above, Jones stipulated to the application of those provisions as part of his favorable plea agreement with the government. Similarly, Jones's guilty plea precluded a challenge to the constitutionality of Section 922(g)(1), and Jones makes no claim that counsel was ineffective in negotiating the plea agreement on Jones's behalf. In short, the ineffective assistance claim is without merit.

[4] Although the district court also denied his motion to suppress the evidence seized on September 30, 2019, Jones does not challenge that ruling on appeal.

Cir. 2023). As set forth below, we conclude that the motion to suppress was properly denied because the warrantless search was permissible under the automobile exception.

"[W]hile the Fourth Amendment generally requires police to obtain a warrant before conducting a search, an 'automobile exception' to this rule permits police to conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Patterson*, 25 F.4th 123, 150 (2d Cir. 2022) (internal quotation marks and citation omitted). "[P]robable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a [person] of reasonable caution in the belief that evidence of a crime will be found in the place to be searched." *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004) (alterations adopted) (internal quotations and citation omitted). As relevant here, "[t]he Supreme Court has relied on two rationales to explain the reasonableness of a warrantless search pursuant to the automobile exception: vehicles' inherent mobility and citizens' reduced expectations of privacy in their contents." *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010). Importantly, "a vehicle's inherent mobility—not the probability that it might actually be set in motion—is the foundation of the mobility rationale." *Id.* at 498. When the exception applies, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).

Here, after conducting an evidentiary hearing, the district court found that, on January 17, 2019, after Jones had crashed his rental car into a building, police officers arrived at the scene and observed Jones alone in the car, in the driver's seat, and woke him as he appeared to be asleep. When looking into the car through its window, police officers observed in plain view a plastic cup containing brown liquid smelling of rum and Coke, which was removed from the car along with

9

Jones. Jones appeared to have glassy eyes, slurred speech, and smelled like alcohol. Moreover, Jones failed a series of field sobriety tests and provided a breath sample over the legal limit for blood alcohol level. Based upon these facts adduced at the hearing—which Jones does not challenge on appeal—the district court correctly held that the automobile exception authorized the warrantless search of the car because the officers had probable cause to believe that there would be evidence in the car that Jones had driven while impaired or intoxicated, in violation of N.Y. Vehicle and Traffic Law § 1192(2), or had an open container of alcohol in the car, in violation of N.Y. Vehicle and Traffic Law § 1227, including, for example, the container from which the apparent alcohol in the cup was poured.

Although Jones argues that the automobile exception could not apply under these factual circumstances because the rental car was "significantly damaged and undriveable," Appellant's Br. at 63, we find that argument unpersuasive. As the Supreme Court has emphasized, the reasoning behind the automobile exception "does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant." *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam). Thus, "[e]ven where there is little practical likelihood that the vehicle will be driven away, the exception applies at least when that possibility exists." *United States v. Howard*, 489 F.3d 484, 493 (2d Cir. 2007). Here, the possibility that Jones's car could be towed from the scene, by itself, is sufficient for the automobile exception to apply even though the rental car may have been inoperable. *See, e.g.*, *Navas* 597 F.3d at 499 (explaining that an unhitched trailer that could not move on its own "remained inherently mobile as a result of its own wheels and the fact that it could have been connected to any cab and driven away"); *see also United States v. Fields*, 456

F.3d 519, 524 (5th Cir. 2006) (applying automobile exception to vehicle that crashed into side of a duplex because "[e]ven where an automobile is not immediately mobile at the time of the search, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifies application of the vehicular exception" (alteration adopted) (internal quotation marks and citation omitted)).  In short, the district court did not err in denying Jones's motion to suppress the evidence that officers seized in the car on January 17, 2019 based on the automobile exception.[5]

*        *        *

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal in part and otherwise **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Because we affirm the district court's decision based on the application of the automobile exception, we need not address the district court's alternative holding that the search was justified under the search-incident-to-arrest exception, nor need we address the government's additional arguments for affirmance.